No. 85-576

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

STATE OF MONTANA, ex rel, VELMA
LOU AUSTIN,

        Petitioner and Appellant,

  -vs-

LLOYD J. AUSTIN,

        Respondent and Respondent.

APPEAL FROM: District Court of the Twentieth Judicial District,
           In and for the County of Lake,
           The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        John Paulson, Asst. Attorney General, Helena
        John Frederick, County Attorney, Polson, Montana
        Larry J. Nistler, Deputy County Attorney, Polson

    For Respondent:

        K. M. Bridenstine, Polson, Montana

                 Submitted on Briefs: March 6, 1986

                      Decided: June 5, 1986

Filed: JUN 5 - 1986

_Ethel M. Harrison_
                Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Petitioner, State of Montana, brought this Uniform Reciprocal Enforcement of Support Act (URESA) action to enforce a child support obligation and obtain reimbursement for the State of Oklahoma. The Lake County District Court granted respondent's motion to dismiss for lack of jurisdiction. From this order the State appeals.

We reverse the District Court's order dismissing the case. We hold that the child support obligation was not dischargeable in bankruptcy and remand for a determination of the amount of arrearages which respondent is obligated to pay the State of Oklahoma.

The following issues were considered on appeal:

1. Whether the District Court's order dismissing the URESA petition for lack of jurisdiction is appealable.

2. Whether the District Court had jurisdiction to determine the dischargeability of Oklahoma's child support claim under federal bankruptcy law.

3. Whether the child support obligation was dischargeable under federal bankruptcy law.

Respondent makes an additional argument based on collateral estoppel. Our decision on the nondischargeability of respondent's obligation makes consideration of this issue unnecessary.

Respondent is the father of five minor children who reside with their mother in the State of Oklahoma. Respondent was divorced from the mother in February 1975 and was ordered to pay child support to her in the amount of $259 per month. Respondent did not pay the court-ordered child support, and the State of Oklahoma sought reimbursement and

2

current support from respondent in a petition under the URESA filed November 1980 in the District Court of Lake County, Montana, where respondent lives. The State of Oklahoma sought reimbursement from respondent in the amount of $16,058.

In September 1981, respondent filed a debtor's petition for Chapter 7 relief in the United States Bankruptcy Court in Missoula, listing the Oklahoma Department of Human Services as an unsecured creditor.

In October 1981, respondent filed a copy of a notice of stay from the United States Bankruptcy Court with the State of Montana, indicating respondent had filed a Chapter 7 bankruptcy petition and that certain acts and proceedings against respondent were stayed. In March 1982, the bankruptcy judge ordered respondent released from all dischargeable debts.

In April 1985 another petition under the URESA was issued to respondent by the State of Montana. Respondent moved for dismissal claiming the Lake County District Court lacked jurisdiction because the claim had already been discharged in bankruptcy by the United States Bankruptcy Court in March 1982. The District Court granted the motion. In its order dismissing the action, the District Court stated the following:

> The [child support debt] set forth on schedule A-3 of respondent's bankruptcy petition was probably nondischargeable, but the bankruptcy court had exclusive jurisdiction to make that determination.

From this order of the District Court, the State of Montana appeals.

Respondent argues that the District Court's order is not a "final judgment" subject to appeal. We disagree. A

District Court order granting a motion to dismiss for lack of jurisdiction is appealable. See U.S. Nat. Bank of Red Lodge v. Mont. Dept. of Rev. (1977), 175 Mont. 205, 573 P.2d 188.

The second issue concerns the District Court's conclusion that the bankruptcy court had exclusive jurisdiction to determine the dischargeability of respondent's child support obligation. The District Court order was issued before our decision in State v. Dist. Court of Eighth Judicial Dist. (Mont. 1985), 710 P.2d 47, 42 St.Rep. 1773. In that case we determined that the district courts of this state have concurrent jurisdiction with the bankruptcy courts to determine the dischargeability of claims pertaining to child support under federal bankruptcy law. That decision controls here. We hold that the District Court has jurisdiction to determine the dischargeability of respondent's debt to the State of Oklahoma. The District Court's order dismissing the case must therefore be reversed.

Because the bankruptcy discharge order only purports to discharge dischargeable debts, the order does not relieve respondent of his nondischargeable obligations. This situation makes the final issue we considered sound circular. We are asked to determine whether the child support obligation was dischargeable in bankruptcy. If the obligation was not dischargeable, it was not discharged in bankruptcy.

The Bankruptcy Code specifically excludes child support obligations from debts that can be discharged in bankruptcy. 11 U.S.C. § 523(a)(5). We hold that respondent's child support obligations were not dischargeable in bankruptcy. As such, respondent is still obligated to pay child support.

The District Court's order of dismissal is reversed. The cause is remanded to the District Court for a

4

determination of the arrearages which respondent is obligated to pay the State of Oklahoma. We further direct the District Court to enter judgment that respondent's child support obligation remains in force and was not discharged in bankruptcy.

_____
Chief Justice

We concur:

_____

_____

_____

_____ ,
Justices

5