S91A1176, S91A1178. WARD v. WARD (two cases).

(409 SE2d 518)

HUNT, Justice.

We granted this discretionary application to determine whether the trial court erred by holding the former wife in criminal contempt for failing to pay a sum which had been discharged in bankruptcy. We also asked the parties to address the propriety of the trial court's reduction of the former husband's child support obligations.

The parties' divorce decree required each to make half the payments due on a bank loan. Mrs. Ward was adjudicated in civil contempt after she failed to make any payments. Despite her statement at the civil contempt hearing that she was unable to do so, she purged herself of contempt by immediately paying all amounts due, including attorney fees. Two months later, Mr. Ward agreed to an order increasing his child support obligations. The following month, Mrs. Ward filed a bankruptcy petition, resulting in a discharge from her responsibility for the bank loan. On Mr. Ward's motion, the trial court held Mrs. Ward in criminal contempt, ordered her to serve six days in jail[1] and pay a $500 fine, and reduced Mr. Ward's child support obligations.

1. In *Banks v. Wells*, 256 Ga. 164 (344 SE2d 652) (1986), we reviewed the distinctions between civil and criminal contempt and reversed a judgment for civil contempt under facts similar to those in this case. Because of the automatic stay provisions of the bankruptcy act, the issue of the dischargeability of the debt in that case was res judicata, and civil contempt would not lie to enforce payment. However, we noted the unavailability of civil contempt to collect the debt would not preclude a finding of criminal contempt for wilful refusal to obey a court order. Under the facts of this case, the trial court was authorized to find beyond a reasonable doubt that Mrs. Ward wilfully disobeyed its orders and was guilty of criminal contempt. *In re Bergin*, 255 Ga. 429 (341 SE2d 8) (1986). See also *Hopkins v. Hopkins*, 244 Ga. 66, 67 (1) (257 SE2d 900) (1979).

2. The trial court's decision to decrease Mr. Ward's child support obligation is supported, inter alia, by the facts that since the previous

---

[1] The order provides that Mrs. Ward's confinement be served on alternate weekends concurrent with Mr. Ward's exercise of his visitation privileges with the children.

child support order Mrs. Ward's income had doubled and Mr. Ward had been required to assume the entire loan obligation as the result of Mrs. Ward's bankruptcy. Thus, the trial court's decision is supported by "some evidence," and will not be disturbed on appeal. *Decker v. Decker*, 256 Ga. 513, 515 (2) (350 SE2d 434) (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1991 —
RECONSIDERATION DENIED NOVEMBER 6, 1991.

*Womack & Rhyne, Ronald R. Womack,* for appellant.
*John O. Wiggins,* for appellee.