IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 3, 2003 Session

## KAREN THOMPSON SCOGGINS v. LARRY BROWDER SCOGGINS

**Appeal from the Chancery Court for Hamilton County**
**No. 98-0224     Howell N. Peoples, Chancellor**

**FILED OCTOBER 23, 2003**

**No. E2002-02923-COA-R3-CV**

---

Karen Thompson Scoggins ("Plaintiff") and Larry Browder Scoggins ("Defendant") were divorced in 2000. The divorce judgment ordered Defendant to use funds from his 401(k) plan to pay off certain marital debts and then to convey the remainder of the 401(k) to Plaintiff. Defendant did not do this. Instead, Defendant filed for bankruptcy, listed Plaintiff as a creditor, and was granted a discharge in bankruptcy. Plaintiff filed a complaint in Chancery Court ("Trial Court") seeking to enforce the divorce judgment. Defendant claimed the debt to Plaintiff was discharged in bankruptcy. The Chancery Court held that the discharge in bankruptcy does not bar Plaintiff from enforcing her rights in Defendant's 401(k) plan. Defendant appeals. We reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., joined. HOUSTON M. GODDARD, P.J., not participating.

Mitchell A. Byrd, Chattanooga, Tennessee, for the Appellant, Larry Browder Scoggins.

Phillip C. Lawrence, Chattanooga, Tennessee, for the Appellee, Karen Thompson Scoggins.

# OPINION

## <u>Background</u>

Plaintiff and Defendant were divorced by a Final Judgment of Divorce ("Final Judgment") entered in February of 2000. The Final Judgment, *inter alia*, ordered Defendant to pay Plaintiff $90,000 as alimony in solido "for the support of Plaintiff" and in a separate paragraph ordered Defendant to use the funds from his 401(k) to satisfy specified marital debts and then to convey the remainder of the 401(k) to Plaintiff. The paragraph addressing the 401(k) further ordered that "Defendant shall not encumber, transfer, liquidate or dissipate the funds from this 401(k) plan until after the debt listed in paragraph 13 is paid and Plaintiff's interest in the [401(k)] is transferred to her by a Qualified Domestic Relations Order." The paragraph addressing the 401(k) further stated that if Plaintiff's interest in the 401(k) plan when added to other property granted to Plaintiff in the divorce did not equal the net marital estate received by Defendant in the divorce, then Defendant shall owe to Plaintiff "a sum of money equal to this difference . . . ." A separate paragraph of the Final Judgment listed thirteen specific marital debts that Defendant was ordered to pay using the funds from his 401(k) and stated that Defendant "shall be responsible and will hold Plaintiff harmless for all of [the specified] debts . . . ."

In April of 2000, Plaintiff filed a Petition for Contempt ("Petition") alleging Defendant had refused to comply with the provisions of the Final Judgment that ordered him to pay off the listed debts and then convey the remainder of his 401(k) to Plaintiff. Defendant filed for bankruptcy in October of 2000.

Defendant's bankruptcy petition, among other things, listed the specific debts that Defendant was ordered to pay in the Final Judgment, claimed the 401(k) as exempt property, and named Plaintiff as a creditor. Plaintiff received notice of the bankruptcy. Plaintiff filed a proof of claim in the bankruptcy court for an unsecured priority claim for "[a]limony, maintenance, or support owed to a spouse, former spouse, or child." Plaintiff's proof of claim listed the total amount of her claim as "$169,534.98+." This figure was broken down with $90,000 as alimony in solido, $79,534.98 plus interest to pay off the thirteen specific marital debts, and the "+" being the balance of Defendant's 401(k) that was to be paid to her, all pursuant to the Final Judgment. However, Plaintiff did not file a complaint to determine the dischargeability of any debt under 11 U.S.C. § 523(a)(15). Defendant was granted a discharge in bankruptcy in January of 2001.

In March of 2002, Plaintiff filed a Complaint to Enforce Final Judgment ("Complaint") in the Trial Court alleging Defendant refused to comply with the provisions of the Final Judgment regarding his 401(k). Defendant answered the Complaint and attached a copy of the Discharge of Debtor ordered by the bankruptcy court in January of 2001. Defendant also filed a Plea of Discharge in Bankruptcy and a motion to dismiss claiming that the issues in the Complaint were barred because Plaintiff failed to file a complaint in bankruptcy court to deny discharge and Defendant was granted a discharge in bankruptcy.

The Trial Court entered two orders on August 26, 2002, allowing Plaintiff to consolidate the Petition and the Complaint and denying Defendant's motion to dismiss. In the order denying Defendant's motion to dismiss, the Trial Court held that "the bankruptcy discharged Defendant's obligation to pay the debts that are identified in the final judgment, but Defendant's bankruptcy did not discharge Defendant's obligation to transfer so much of his 401(k) plan and pension plan to Plaintiff that the Court may find to be the property of Plaintiff."

The parties filed a joint statement of undisputed material facts. Among other things, the joint statement agreed that a notice of the Meeting of Creditors that listed January 16, 2001, as the deadline to file complaints with the bankruptcy court to determine the dischargeability of debts was served on Plaintiff as a creditor; that Plaintiff filed a proof of claim on March 14, 2001; and that at no time did Plaintiff file a complaint to determine the dischargeablility of any debt "owed to her by Defendant pursuant to 11 USC §523(a)(15)." The joint statement also agreed that Defendant "has continued to pay Plaintiff the alimony in solido that is required by the terms of the final judgment as that amount is non-dischargeable under 11 USC § 523(a)(5)." Further, the joint statement agreed that only one of the thirteen specific debts listed in the Final Judgment had been paid, but that these debts were discharged in Defendant's bankruptcy and that the 401(k) was abandoned as exempt property in the bankruptcy proceeding. The parties also agreed in the joint statement that Defendant was granted a discharge in bankruptcy.

The case proceeded to trial and the Trial Court entered its Memorandum Opinion and Order on November 20, 2002, finding, *inter alia*, that the

> 401(k) plan was not an asset of the bankruptcy estate, and, in fact, it had already been allocated pursuant to the divorce judgment to the payment of certain debts of the parties with the balance or residue to [Plaintiff]. [Defendant's] function with regard to the use of the funds in the 401(k) plan was merely ministerial. Pursuant to the divorce judgment, [Defendant] had no legal or equitable interest in the 401(k) plan at the time he filed a petition in bankruptcy.

The Trial Court held, *inter alia*, that "[t]he discharge in bankruptcy does not bar [Plaintiff] from enforcing her rights to the 401(k) plan" and ordered the parties to submit a Qualified Domestic Relations Order facilitating the transfer of the 401(k) plan to Plaintiff. Defendant appeals to this Court.

## Discussion

Although not stated exactly as such, Defendant raises four issues on appeal: 1) whether Defendant's debt to Plaintiff concerning Defendant's 401(k) falls under 11 U.S.C. § 523(a)(15); 2) whether this debt of Defendant to Plaintiff was discharged in bankruptcy; 3) whether the Trial Court had jurisdiction to enter its August 26, 2002 orders; and 4) whether Plaintiff should be enjoined from taking further action to collect the debt in question. Plaintiff raises several more issues which we restate as: 1) whether the Trial Court abused its discretion in denying Plaintiff's

request for attorney's fees; 2) whether the Trial Court erred in failing to protect Plaintiff's interest in the 401(k) from being reduced by any loan Defendant owes against it; 3) whether the Trial Court erred by fixing the value of Plaintiff's interest in the 401(k) as of July 5, 2002; and 4) whether Plaintiff is entitled to receive damages because Defendant's appeal is frivolous.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We begin by considering whether the debt in question falls under 11 U.S.C. § 523(a)(15). Section 523 provides several exceptions to discharge in a bankruptcy case. 11 U.S.C. § 523 (2003). Specifically, two subparts of § 523, namely § 523(a)(5) and § 523(a)(15) deal with marital debt incurred as a result of a divorce or separation. *Id*. Section 523(a)(5) renders non-dischargeable debts "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record . . . ." 11 U.S.C. § 523(a)(5). Section 523(a)(15) deals with debts other than those addressed by § 523(a)(5) that are:

> incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless - -

> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

11 U.S.C. § 523(a)(15).

Plaintiff argues that her interest in Defendant's 401(k) was not a debt at all, but was a property right that was non-dischargeable in bankruptcy. Plaintiff relies upon *McCafferty v. McCafferty*, a Sixth Circuit case, to support her position. *McCafferty v. McCafferty*, 96 F.3d 192 (6th Cir. 1996). Unfortunately for Plaintiff, the issues in *McCafferty* arose prior to the Bankruptcy

Reform Act of 1994.[1] The Bankruptcy Reform Act of 1994, in part, amended 11 U.S.C. § 523 by adding subsection (a)(15) dealing with marital debts incurred in a divorce other than debts in the nature of alimony, maintenance, and support.[2] Prior to the enactment of § 523(a)(15), marital debts other than those actually in the nature of alimony, maintenance, and support were dischargeable in bankruptcy.[3] The new subsection, § 523(a)(15), provided that some other marital debts could now survive a discharge in bankruptcy. 11 U.S.C. § 523(a)(15). With the enactment of § 523(a)(15), Congress demonstrated an intent to occupy the field such that the use of common law remedies, like the one utilized in *McCafferty* to prevent a marital debt from being discharged, is no longer advisable, or allowable to circumvent discharge under bankruptcy law. As such, we find Plaintiff's reliance upon *McCafferty* and similar cases that employ common law remedies to circumvent the discharge of marital debts in bankruptcy to be misplaced.

The Trial Court did not directly address the question of whether the interest in the 401(k) was a debt or some other type of interest. Instead, the Trial Court held that the 401(k) plan never became an asset of the bankruptcy estate, and, therefore, never was subject to discharge because Defendant had no legal or equitable interest in the 401(k) plan when he filed for bankruptcy. We disagree. Defendant was ordered in the Final Judgment to utilize a portion of the 401(k) to pay off specific marital debts. These specific debts were debts of Defendant's as well as being debts of Plaintiff's. As such, Defendant was to use the funds in the 401(k) for his benefit to pay off his debt, as well as for the benefit of Plaintiff. We, therefore, find that Defendant continued to have a legal or equitable interest in the 401(k) after entry of the Final Judgment. Since Defendant had an interest in the 401(k), the 401(k) became a part of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1) when Defendant filed his bankruptcy petition. *See* 11 U.S.C. § 541(a)(1) (2003).

We now consider whether the debt in question in this case, Plaintiff's interest in Defendant's 401(k) plan, is a marital debt that falls under §523 (a)(15), or is in the nature of alimony, maintenance or support and falls under § 523(a)(5). State courts have concurrent jurisdiction with bankruptcy courts to determine the dischargeability of marital debts characterized as alimony, maintenance or support incurred in connection with a divorce. *E.g., Varner v. Varner*, No. E2001-02917-COA-R3-CV, 2002 Tenn. App. LEXIS 691, at *8 (Tenn. Ct. App. Sept. 25, 2002). "The issue of when an assumption of joint debts is 'in the nature of alimony, maintenance, or support' as opposed to a division of communal property is to be determined by federal bankruptcy law." *In re Calhoun*, 715 F.2d 1103, 1007 (6th Cir. 1983).

---

[1] *McCafferty*, 96 F.3d at 195 n.1; Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, 108 Stat. 4106 (1994).

[2] *Id.; see also* Bernice B. Donald & Jennie D. Latta, *The Dischargeability of Property Settlement and Hold Harmless Agreements in Bankruptcy: An Overview of § 523(a)(15)*, 31 Fam. L.Q. 409, 409-10 (1997); Richard H.W. Maloy, *Using Bankruptcy Court to Modify Domestic Relations Decrees: Problems Created by § 523(a)(15)*, 31 Fam. L.Q. 433, 434-35 (1997); Michaela M. White, *The Procedural Plight of the Property Settlement Creditor*, 31 Fam. L.Q. 463, 463 (1997).

[3] Donald & Latta, *supra* note 2, at 409; Maloy, *supra* note 2, at 434; White, *supra* note 2, at 469.

This Court has adopted as persuasive reasoning an analysis to determine whether an award is in the nature of alimony, maintenance or support as set forth by the Sixth Circuit in *In re Calhoun*. *Varner*, 2002 Tenn. App. LEXIS 691, at *8-9.

*In re Calhoun*, 715 F.2d 1103 (6th Cir. 1983), set forth a four-part test to determine whether the assumption of a debt is in the nature of alimony, maintenance or support, resulting in non-dischargeability in bankruptcy:

1. Whether the state court or the parties intended to create an obligation to provide support through the assumption of the joint debts;

2. Whether such assumption has the actual effect of providing the support necessary to ensure that the daily needs of the spouse and any children of the marriage are satisfied;

3. The amount of support represented by the assumption is not so excessive that it is manifestly unreasonable under traditional concepts of support.

4. If the amount of support is unreasonable how much of [it] should be discharged for the purposes of bankruptcy.

*Varner*, 2002 Tenn. App. LEXIS, at *8-9.

The record does not show that the Trial Court or the parties intended to create an obligation to provide support through the assumption of the joint debts. In fact, as discussed above, the Trial Court apparently treated the debt in question as property that never became part of the bankruptcy estate. Further, the Final Judgment made a separate award of alimony in solido to Plaintiff and the parties agreed in the joint statement of material facts that this amount of alimony in solido was a debt that was non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5).

Nor is there any proof in the record showing that the assumption of the joint marital debt by Defendant has the actual effect of providing the support necessary to ensure that the daily needs of the Plaintiff are satisfied. "In general, debt obligations such as mortgages, insurance premiums, car notes and medical bills are viewed as more directly associated with daily support needs." *Varner*, 2002 Tenn. App. LEXIS, at *11. The joint marital debt that Defendant was ordered to pay, however, consisted of credit card debt and personal loans, not mortgages, insurance premiums, car notes or medical bills. Rather, the mortgage on the parties' house and the leases on the parties' cars were addressed in separate paragraphs of the Final Judgment and are not at issue in this case.

As we have determined that the first two prongs of the *Calhoun* test are not satisfied in this case, we find no need to proceed with the analysis. There is no basis in the record to support a finding that the debt in question is in the nature of alimony, maintenance or support. As such, the

debt in question is a debt other than one addressed by § 523(a)(5) that was incurred in connection with a divorce decree. Thus, we hold that the debt in question falls under 11 U.S.C. § 523(a)(15).

We next consider whether the debt was discharged in bankruptcy. Debts that fall under § 523(a)(15) shall be discharged unless the creditor files a complaint "no later than 60 days after the first date set for the meeting of creditors . . . ." Fed. R. Bankr. P. 4007; 11 U.S.C. § 523(c)(1). The bankruptcy court has exclusive jurisdiction to determine whether a debt should be excepted from discharge under § 523(a)(15). *See* Fed. R. Bankr. P. 4007.

The parties agreed in the joint statement of material facts that Plaintiff never filed a complaint to determine the dischargeablility of any debt "owed to her by Defendant pursuant to 11 USC §523(a)(15)." Federal law clearly provides that debts falling under § 523(a)(15) shall be discharged unless the creditor files a complaint "no later than 60 days after the first date set for the meeting of creditors . . . ." Fed. R. Bankr. P. 4007; 11 U.S.C. § 523(c)(1). Plaintiff did not file a complaint in bankruptcy court pursuant to 11 U.S.C. § 523(c)(1). While Plaintiff's argument may well have been successful if raised in the bankruptcy court, neither the Trial Court nor this Court has the power to reverse the bankruptcy court's exclusive determination that Defendant's debt in question was discharged. If Plaintiff wished to contest the dischargeability of the debt, she had to do it in bankruptcy court. She did not do so. Therefore, Defendant's debt to Plaintiff concerning Defendant's 401(k) was discharged in bankruptcy.

As for the other issues raised by Defendant, the Trial Court had subject matter jurisdiction over the divorce and post-divorce matters in this case. However, as previously discussed, the bankruptcy court had exclusive jurisdiction to determine whether the debt in question was discharged in bankruptcy. As the debt was discharged in bankruptcy in January of 2001, Plaintiff is prohibited from taking further action to collect the debt in question. We, therefore, reverse the Trial Court's August 26, 2002, and November 20, 2002, orders.

Our determination of Defendant's issues pretermits consideration of Plaintiff's issues.

### Conclusion

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellee, Karen Thompson Scoggins.

_____
D. MICHAEL SWINEY, JUDGE