S04A0689. ROGERS v. McGAHEE.
(602 SE2d 582)

BENHAM, Justice.

We granted appellant Lynne Rogers's application for discretionary appeal of the trial court's denial of her May 2003 petition to hold her former husband, appellee John McGahee, in criminal contempt for his failure to pay certain marital debts he was ordered to pay in the November 2001 final judgment and decree of divorce. The trial court found McGahee was in violation of the terms of the final judgment and decree, but concluded the court was without authority to hold McGahee in criminal contempt because the debts had been discharged pursuant to McGahee's Chapter 7 petition in bankruptcy. See 11 USCA § 727. Noting that the bankruptcy code provides penalties for an attempt to collect debts discharged in bankruptcy, the trial court declined to follow *Ward v. Ward*, 261 Ga. 659 (409 SE2d 518) (1991), to the extent it appeared to give the court authority to declare a defendant in criminal contempt for failure to pay joint marital debts after a discharge in bankruptcy. After reviewing the relationship between bankruptcy law and divorce judgments, we reverse the trial court's judgment and remand the case for further proceedings.

1. McGahee maintains this Court is without appellate subject-matter jurisdiction of this appeal, contending it does not fall within this Court's general appellate jurisdiction over "[a]ll divorce and alimony cases. . . ." Ga. Const. 1983, Art. VI, Sec. VI, Par. III (6).

---

[7] *Baker*, 250 Ga. at 672.

However, an appeal from the judgment in a contempt action seeking to enforce any portion of the divorce decree other than child custody is ancillary to divorce and alimony and falls within this Court's jurisdiction over "divorce and alimony cases." See *Ashburn v. Baker*, 256 Ga. 507 (1) (350 SE2d 437) (1986) (Court of Appeals has jurisdiction of appeal of contempt judgment involving child custody); *Smith v. Smith*, 254 Ga. 450, 452 (2) (330 SE2d 706) (1985) (contempt action concerning alimony is " 'incident of the divorce and alimony action. . . .' "). See also *Gates v. Gates*, 277 Ga. 175, 176 (587 SE2d 32) (2003) ("appeal . . . from a contempt . . . order [where] the sole issue on appeal involves . . . any matter other than divorce or alimony . . . does not constitute a divorce or alimony case within the meaning of our state constitution.").[1] Accordingly, we decline to accept appellee's suggestion that this case be transferred to the Court of Appeals.

2. In the settlement agreement incorporated into the final judgment and decree of divorce, McGahee assumed and agreed to pay the joint marital debt of $8,000 to the Internal Revenue Service, to assume the loan associated with the car to which he took title and possession, and to indemnify and hold Rogers harmless regarding the debts. Rogers filed the petition for criminal contempt after the IRS and the holder of the car loan sought payment from her. In his verified answer to the petition for contempt, McGahee asserted a res judicata defense, claiming he had no liability to Rogers for the debts because he had received a discharge in bankruptcy on the Chapter 7 petition he had filed in which he had properly scheduled and noticed the debts for which Rogers was seeking payment.[2] In a reply pleading, Rogers acknowledged McGahee had received a discharge in bankruptcy and contended the discharge did not bar her attempt to have him held in criminal contempt. See *Ward v. Ward*, supra, 261 Ga. 659.

Except as provided in 11 USCA § 523, a Chapter 7 debtor may obtain a discharge from "all debts that arose before the date of the order for relief." 11 USCA § 727 (b). However, a debt that is "actually in the nature of alimony, maintenance, or support" is not dischargeable (11 USCA § 523 (a) (5)), and "[a] discharge under section 727 . . . does not discharge an individual debtor from any debt . . . not of the kind described in paragraph (5) [of 11 USCA § 523 (a)] that is incurred by the debtor . . . in connection with a separation agreement, divorce

---

[1] "Divorce and alimony" cases notwithstanding, the general rule regarding jurisdiction of an appeal in a contempt action is: the appellate court with subject-matter jurisdiction of the appeal from a judgment has appellate subject-matter jurisdiction of a contempt action in which enforcement of the judgment is sought. See *Nowlin v. Davis*, 278 Ga. 240 (599 SE2d 128) (2004) (since Supreme Court did not have jurisdiction of appeal of judgment granting specific performance, it did not have appellate jurisdiction of appeal in contempt action seeking enforcement of specific performance judgment).

[2] No portion of the bankruptcy proceedings has been made a part of the record in this case.

decree or other order of a court of record ... unless ... (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor." 11 USCA § 523 (a) (15).

Whether a debt is nondischargeable under § 523 (a) (5) because it is in the nature of alimony, maintenance, or support is a question of federal law (*Harrell v. Sharp*, 754 F2d 902, 905 (11th Cir. 1985)), with state law " 'provid[ing] guidance in determining whether the obligation should be considered "support" under § 523 (a) (5).' " *Cummings v. Cummings*, 244 F3d 1263, 1265 (11th Cir. 2001). State courts have concurrent jurisdiction with federal bankruptcy courts to determine whether a debt is in the nature of alimony, maintenance, or support. *Manuel v. Manuel*, 239 Ga. 685, 686 (238 SE2d 328) (1977); *Cummings v. Cummings*, supra, 244 F3d at 1267; *In the Matter of Pope*, 209 B.R. 1015, 1020 (Bankr. N.D. Ga. 1997). If either the debtor spouse or the creditor spouse files a complaint in the bankruptcy court to obtain a determination of the dischargeability of the debts under § 523 (a) (5), the bankruptcy court's adjudication of the complaint for determination of dischargeability is res judicata in state court. *Manuel v. Manuel*, supra, 239 Ga. at 686. If no complaint seeking a specific determination of the dischargeability of a debt under § 523 (a) (5) is filed, "the issue of dischargeability may then be tried in the appropriate state court." Id.

Joint marital obligations assumed by the debtor former spouse as a part of a separation or divorce settlement are excepted from discharge in bankruptcy if they fall within paragraph (5) of § 523 (a), i.e., if they are actually "in the nature of alimony, maintenance, or support. . . ." *In the Matter of Butler*, 277 B.R. 843, 851 (Bankr. M.D. Ga. 2002). Debts payable to third parties may be viewed as maintenance or support obligations and the protection afforded by the debt assumption and a "hold harmless" agreement arising in a divorce may provide essential maintenance or support so as to fall within § 523 (a) (5). *In the Matter of Fussell*, 303 B.R. 539, 545 (Bankr. S.D. Ga. 2003). When the debtor former spouse agrees in a divorce decree to pay taxes or hold the other spouse harmless from the taxes, "that agreement as to liability is subject to a determination under 11 USCA § 523 (a) (5) and (a) (15)." *In re Hoberg*, 300 B.R. 752, 766 (Bankr. C.D. Cal. 2003).[3]

---

[3] Whether a debt is dischargeable under 11 USCA § 523 (a) (15) is also a question of federal law, but the bankruptcy court has exclusive jurisdiction to determine the application of subsection (a) (15). *Scoggins v. Scoggins*, 136 SW3d 211 (Tn. App. 2003); *Carey v. Carey*, 733 NE2d 14 (Ind. App. 2000); Donald & Latta, "The Dischargeability of Property Settlement and Hold Harmless Agreements in Bankruptcy: An Overview of § 523 (a) (15)," 31 Fam. L. Q. 409, 416 (fn. 30). See also *Holbrook v. Holbrook*, 151 SW3d 825 (Ky. App. 2004). In contrast

That the debtor former spouse has received a general discharge in bankruptcy does not deprive the state court of its jurisdiction to determine whether certain debts of the debtor former spouse are exempt under § 523 (a) (5) from dischargeability. *Manuel v. Manuel,* supra, 239 Ga. at 686. See also *Collins v. Collins,* 208 Ga. App. 862 (432 SE2d 605) (1993) (dischargeability of debt in question not adjudicated by bankruptcy court because creditor spouse's complaint regarding dischargeability was dismissed on procedural grounds, so debtor spouse's discharge in bankruptcy did not have res judicata effect in post-bankruptcy state court contempt proceeding); *Loveday v. Loveday,* 2003 WL 1465770 (Ohio App. 7th Dist. 2003) (unpublished opinion) (since debts under § 523 (a) (5) are not automatically discharged, bankruptcy code contemplates challenge to dischargeability of these debts outside bankruptcy proceedings, and state court has concurrent jurisdiction to determine issue); *State v. Austin,* 221 Mont. 488 (719 P2d 429) (1986) (since bankruptcy discharge only discharges dischargeable debts, debtor former spouse is not relieved of nondischargeable obligations and state court has jurisdiction to determine dischargeability); *Pellitteri v. Pellitteri,* 378 NW2d 295 (127 Wis.2d 559) (1985) (unpublished opinion) (argument that creditor spouse's failure to raise the issue in bankruptcy court forecloses the possibility of relief from state court in a post-bankruptcy proceeding is inconsistent with premise that state court and bankruptcy courts have concurrent jurisdiction to determine whether debt is exempt from discharge under § 523 (a) (5)). Accordingly, since there is no evidence that the bankruptcy court made specific determinations that the debt to the IRS and the car loan debt assumed by McGahee in the final judgment and decree of divorce, as well as the "hold harmless" agreements contained therein, were or were not exempt from dischargeability under § 523 (a) (5), the trial court must exercise its concurrent jurisdiction and make such a determination on each of the three debts at issue. Factors set forth in *Daniel v. Daniel,* 277 Ga. 871 (596 SE2d 608) (2004), and the cases cited therein should be considered in making the determination.[4] Furthermore,

---

with § 523 (a) (5), a debtor stands discharged from an (a) (15) debt "unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph ... (15) ... of subsection (a)." 11 USCA § 523 (c) (1). Because it appears Rogers did not file a request in the bankruptcy court for determination whether any of the debts at issue were excepted from discharge under (a) (15), and since the bankruptcy court has exclusive jurisdiction to determine the applicability of (a) (15), the trial court does not have jurisdiction to make a determination regarding the applicability of (a) (15). See *Holbrook v. Holbrook,* supra, 151 SW3d 825.

[4] A non-exhaustive list of such factors is:
(1) the amount of alimony, if any, ... and the adequacy of any such award; (2) the need for support and the relative income of the parties at the time the divorce decree was

[i]n conducting this inquiry, a court cannot rely solely on the label used by the parties. As other courts have recognized, " 'it is likely that neither the parties nor the divorce court contemplated the effect of a subsequent bankruptcy when the obligation arose.' " [Cit.] The court must therefore look beyond the label to examine whether the debt actually is in the nature of support or alimony. [Cit.] A debt is in the nature of support or alimony if at the time of its creation the parties intended the obligation to function as support or alimony. [Cits.] Thus, "the party seeking to hold the debt nondischargeable has the burden of proving by a preponderance of the evidence that the parties intended the obligation as support." [Cit.]

*Cummings v. Cummings*, supra, 244 F3d at 1265.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*David S. Walker, Jr.*, for appellant.
*Allen W. Bodiford, Martin C. Jones*, for appellee.

---

entered; (3) the number and age of children; (4) the length of the marriage; (5) whether the obligation terminates on death or remarriage of the former spouse; (6) whether the obligation is payable over a long period of time; (7) the age, health, education, and work experience of both parties; (8) whether the payments are intended as economic security or retirement benefits; (9) the standard of living established during the marriage.

*Daniel v. Daniel*, supra at 873-874, quoting *Horner v. Horner*, 222 B.R. 918, 922 (Bankr. S.D. Ga. 1998).