OPINION
{¶ 1} Appellant, Stacey Marie Justice, now known as Stacey Marie Bagley ("Bagley"), appeals the trial court's order dismissing her motion to have her ex-husband held in contempt for failing to pay a credit card bill. We affirm the trial court's judgment entry.
 {¶ 2} Bagley was divorced from William Justice ("Justice") in 1999. The divorce decree provided, among other provisions, that Justice assumed responsibility for a GM Master Card with an approximate balance of $4500 and that he would hold Bagley harmless for such debt. The decree also provided that "there shall be no spousal support paid to either party to this agreement by the other party."
 {¶ 3} Justice filed bankruptcy in 2000 and was discharged in bankruptcy in March 2001. Bagley did not receive notice of the bankruptcy filing, nor was she listed as a creditor in the bankruptcy petition.
 {¶ 4} Bagley was pursued for collection of the Master Card account. The balance on the account had increased to $6500. She filed a motion to show cause in October 2004 in order to have Justice held in contempt for his failure to honor the obligation contained in the 1999 decree of divorce. It was at that time that she found out he had been discharged in bankruptcy in 2000.
 {¶ 5} On September 22, 2005, the trial court dismissed her motion on the basis that the bankruptcy court had exclusive jurisdiction to determine dischargeability of the debt. Bagley filed a timely appeal to this court, raising as her single assignment of error:
 {¶ 6} "The lower court erred to the prejudice of appellant in holding that the federal bankruptcy court has exclusive jurisdiction to determine dischargeability of a post decree action to enforce payment of an obligation after appellee obtained a general discharge in a Chapter 7 bankruptcy proceeding without any notice to appellee [sic, appellant]."
 {¶ 7} The order of the trial court read, in pertinent part:
 {¶ 8} "It appears to this Court that the Supremacy Clause applies here and Congress has enacted Section 523(a)(15) granting the Federal Court's [sic] exclusive authority to determine the dischargeability of a property settlement obligation."
 {¶ 9} The trial court also found that Bagley was required by federal law to bring an adversarial action to pursue her claim within sixty days after the first meeting of creditors in the bankruptcy court.
 {¶ 10} Had the trial court made factual conclusions to support the dismissal of Bagley's motion, our standard of review would be "`"highly deferential and even `some' evidence [would be] sufficient to sustain the judgment and prevent a reversal."'"[1] However, inasmuch as the trial court based its ruling on construction of the Supremacy Clause and federal statutes, we give less deference to its ruling and pursue our own inquiry into the correctness of the trial court's legal determination. Thus, our review is on questions of law and is, therefore, plenary.[2]
 {¶ 11} Bagley argues that the trial court was in error in ruling that the bankruptcy court had exclusive jurisdiction to determine the dischargeability of debts. She states:
 {¶ 12} "It is Appellant's position that for bankruptcy claimants attempting to discharge a marital obligation, whether for support (11 U.S.C. 523(a)(5)) or to property division (11 U.S.C. 523(a)(15)), the state court has concurrent jurisdiction." We disagree with Bagley's statement of the law as it applies to this case.
 {¶ 13} In the case of Snyder v. Snyder, with respect to Section 523(a)(5), Title 11, U.S. Code, this court has agreed with Bagley's position: "[s]tate and federal courts have concurrent jurisdiction to determine whether a debt is excepted from discharge under Section 523(a)(5), Title 11, U.S.Code."[3]
 {¶ 14} However, the result is not the same with respect to Section 523(a)(15), Title 11, U.S.Code.
 {¶ 15} Prior to October 17, 2005, the bankruptcy court had exclusive jurisdiction to determine the dischargeability of a debt under Section 523(a)(15).[4]
 {¶ 16} As explained by Collier on Bankruptcy, Congress changed the law effective October 17, 2005, so that "[f]or all the other exceptions to discharge enumerated in section 523(a) [including Section 523(a)(15)], jurisdiction may be exercised by either the bankruptcy court or the state or other nonbankruptcy court."[5]
 {¶ 17} Justice filed bankruptcy in 2000 and was discharged in 2001. Thus, the law applicable to him at that time provided that only the bankruptcy court could determine the dischargeability of a debt under Section 523(a)(15).[6] The trial court correctly held that it could not determine whether Justice's debt to Bagley was dischargeable, because it did not have jurisdiction to do so.
 {¶ 18} Bagley's recourse is to seek relief in the bankruptcy court. Under Section 523(a)(3)(A), a creditor whose debt is neither "listed nor scheduled" in the bankruptcy petition and who, therefore, was unable to file a timely proof of claim and did not have actual knowledge of the bankruptcy proceedings while they were in process is not discharged as to such debt.[7]
 {¶ 19} The assignment of error is without merit.
 {¶ 20} The judgment of the trial court is affirmed.
Colleen Mary O'Toole, J., concurs, Diane V. Grendell, J., concurs in judgment only.
[1] Holcomb v. Holcomb (Sept. 26, 2001), 9th Dist. No. 01CA007795, 2001 Ohio App. LEXIS 4328, at *9, quoting Spinettiv. Spinetti (Mar. 14, 2001), 9th Dist. No. 20113, 2001 Ohio App. LEXIS 1134, at *10, quoting Barkley v. Barkley (1997),119 Ohio App.3d 155, 159.
[2] Planet Earth Entertainment, Inc. v. Ohio Liquor ControlComm. (1998), 125 Ohio App.3d 619, 622.
[3] (Citations omitted.) Snyder v. Snyder (1995),105 Ohio App.3d 69, 76. See, also, Loveday v. Loveday, 7th Dist. No. 02 BA 13, 2003-Ohio-1431, at ¶ 10.
[4] See, e.g., Rogers v. McGahee (2004), 278 Ga. 287, 289;Holbrook v. Holbrook (Ct.App.Ky. 2004), 151 S.W.3d 825, 828;Hester v. Daniel (Bankr.Ct.Ga. 2003), 290 B.R. 914, 922. See, also, Gibson v. Gibson (C.A.6, 1998), 219 B.R. 195, 203.
[5] Collier on Bankruptcy (15 Ed. Rev. 2006) 4-523, Section 523.03.
[6] Rogers v. McGahee, 278 Ga. at 289.
[7] Section 523(a)(3)(A), Title 11, U.S.Code.