### S08A1372. MORRIS v. SURGES.

(670 SE2d 84)

SEARS, Chief Justice.

We granted the application for discretionary appeal to decide whether this Court or the Court of Appeals has appellate jurisdiction over an order finding a former spouse in contempt of a provision of the divorce decree regarding property division and, if jurisdiction lies in this Court, whether the trial court erred in finding the applicant in contempt of court. We hold that appellate jurisdiction lies in this Court, not the Court of Appeals, and that the trial court did not err in holding the applicant in contempt.

1. On June 12, 2006, Carol Lynn Surges filed a complaint for divorce from attorney Clyde Y. Morris. The parties entered into a marital dissolution agreement (MDA), which the trial court incorporated the following day into the November 16, 2007 divorce decree. The MDA, and hence the divorce decree, contained five provisions arguably relevant to this appeal.

First, the decree ordered Morris to transfer all or part of six funds to Surges as part of the division of the marital property, including Morris's Vanguard Capital Opportunity Fund (Vanguard Fund), which was valued at $15,601.[1] Second, the decree expressly required Morris to use his "best efforts to accomplish said transfer no later than December 15, 2007."

The other three provisions relate to Morris's personal property, a lengthy list of which was included in the MDA and divorce decree. The decree permitted Morris to collect his personal belongings from the marital home on one Saturday in December but advised that Surges could not guarantee that the listed items were all still there, as some of them had been returned to their rightful owners. The decree authorized the trial court to order binding arbitration to resolve any future disputes that might arise over the personal property claimed by Morris.

On December 8, 2007, Morris went to the marital residence to retrieve his belongings, but a number of items were missing. Morris was incensed. He removed all the things he could find and then, on

---

[1] Morris did not wish to transfer the fund entirely, because if he closed it out, he would not be able to use it as an investment vehicle in the future. The parties agreed that he would transfer all but $20 worth of the account to Surges and pay her the difference in cash.

December 17, 2007, had hand-delivered to Surges a list of the missing things with monetary values he had chosen for them. Morris claimed he was entitled to a setoff against the funds the divorce decree ordered him to transfer to Surges, and he refused to complete the transfers ordered in the divorce decree.

On December 21, 2007, Surges filed a motion for contempt. Following a rule nisi hearing at which the trial court heard from both parties and documentary evidence was introduced, the trial court granted the contempt motion. It its January 15, 2008 order, the trial court found that Morris had not used his "best efforts" to transfer the Vanguard Fund to Surges by December 15, 2007, ordered Morris to pay Surges the full value of the Vanguard Fund as of the date of the divorce decree (i.e., $15,601), and denied Morris's setoff claim.

Morris filed an application for discretionary appeal in this Court. We granted the discretionary appeal on March 14, 2008, and directed the parties to address the following questions:

> Whether this Court has jurisdiction over an application seeking a discretionary appeal from a final order finding a former spouse in contempt of a provision of the divorce decree which awarded funds as an equitable division of marital property. Georgia Const. of 1983, Art. VI, Sec. VI, Par. III (6); *Walker v. Mays*, 279 Ga. 652, 655 (3) (2005); *Rogers v. McGahee*, 278 Ga. 287 (1) (2004). If so, did the trial court err in finding Applicant in contempt?

In Morris's original notice of appeal, he stated that a transcript of the evidence would not be prepared. Nevertheless, in his brief on appeal, Morris challenged the factual findings underlying the contempt order and relied on documents not contained in the record on appeal. In addition, the record transmitted to this Court from the trial court was missing the critical pages of the MDA incorporated into the divorce decree. We issued an order striking Morris's brief, ordered him to ensure that the record was corrected by the trial court, and directed him to file a substitute brief with proper citations to the record on appeal.

Morris then approached the trial court ex parte and had the trial court enter an order supplementing the record on appeal with documents neither admitted nor properly proffered at the hearing on the contempt motion. Surges filed an objection, and the trial court entered an amended order supplementing the record with only some of the documents Morris asked the trial court to have added to the record. Morris filed a substitute brief with this Court, and Surges filed a new brief in response. As with his original brief to this Court,

Morris continues to rely in his substitute brief on material not properly admitted or proffered in the trial court.

2. We granted the discretionary application primarily to decide whether this Court or the Court of Appeals has jurisdiction over the appeal. We hold that jurisdiction over the appeal lies in this Court. "[A]n application for contempt is a motion and not a complaint."[2] Thus, a contempt action to enforce a divorce decree "is ancillary to the divorce action and not a new civil action."[3] Twenty-nine years ago, this Court held that "an application for contempt to enforce the divorce decree is ancillary to, and an incident of, the divorce action, and jurisdiction to hear an appeal of this nature is in this [C]ourt."[4] The only recognized qualification of this principle is that the jurisdiction of the Court of Appeals "over appeals involving child custody but not a judgment for divorce and alimony, carries with it jurisdiction over" appeals in actions for contempt for violation of a child custody provision in a divorce decree.[5] Thus, an appeal from a "judgment in a contempt action seeking to enforce any portion of the divorce decree other than child custody is ancillary to divorce and alimony and falls within this Court's jurisdiction over 'divorce and alimony cases.' "[6] This is consistent with the general rule that "the appellate court with subject-matter jurisdiction of the appeal from a judgment has appellate subject-matter jurisdiction of a contempt action in which enforcement of the judgment is sought."[7]

Neither *Cale v. Byrdwell* nor *Walker v. Estate of Mays* contradicts *Rogers*.[8] Because *Cale* clearly involved alimony, the Court of Appeals did not consider where appellate jurisdiction would have been if, hypothetically, the case had involved only property division. Moreover, this Court had already exercised appellate jurisdiction in that case by denying an application for discretionary appeal. *Walker* did not even involve the uniquely ancillary proceeding for contempt.

Morris sought a discretionary appeal from an order finding him in contempt of a provision of a divorce decree other than child custody. Accordingly, appellate jurisdiction lies in this Court, not the Court of Appeals.

3. Having concluded that the appeal is properly before us, we turn to the merits. Morris contends that the trial court erred in

---

[2] *Brown v. King*, 266 Ga. 890, 890 (472 SE2d 65) (1996).

[3] *Brown v. King*, 266 Ga. at 891.

[4] *Griffin v. Griffin*, 243 Ga. 149, 149 (253 SE2d 80) (1979).

[5] *Ashburn v. Baker*, 256 Ga. 507, 508 (350 SE2d 437) (1986).

[6] *Rogers v. McGahee*, 278 Ga. 287, 288 (602 SE2d 582) (2004).

[7] *Rogers v. McGahee*, 278 Ga. at 288, n. 1.

[8] *Cale v. Byrdwell*, 166 Ga. App. 901 (305 SE2d 468) (1983); *Walker v. Estate of Mays*, 279 Ga. 652 (619 SE2d 679) (2005).

holding him in contempt of court for failing to comply with the provisions of the divorce decree related to property division. However, Morris failed to secure the preparation and transmittal to this Court of a transcript of the hearing on the basis of which the trial court granted Surges's motion and held Morris in contempt.[9] As we have said in the past, "[i]nasmuch as consideration of this issue is dependent upon the transcript of evidence and proceedings and we have no transcript, we must presume that the evidence considered by the trial court supported the findings made."[10] Accordingly, on the merits, we affirm the contempt order.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 3, 2008 —
RECONSIDERATION DENIED DECEMBER 16, 2008.

*Clyde Y. Morris, Jr.*, pro se.
*Hedrick & Edenfield, Evan R. Mermelstein*, for appellee.

---

[9] See OCGA § 5-6-41 (c) ([W]here an appeal . . . draws in question the transcript of the evidence and proceedings, it shall be the *duty of the appellant* to have the transcript prepared at the appellant's expense.") (emphasis supplied).

[10] *Smelser v. Smelser*, 280 Ga. 92, 94 (623 SE2d 480) (2005).