# Court of Appeals
# of the State of Georgia

ATLANTA,   June 22, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1916.  CRISTI CARRUTHERS v. TIMOTHY W. POWELL.**

**A12A1917.  CRISTI CARRUTHERS v. TIMOTHY W. POWELL.**

**A12A1918.  CRISTI CARRUTHERS v. TIMOTHY W. POWELL.**

Cristi Carruthers and Timothy Powell were divorced in February 1999. Pursuant to the divorce decree, Powell was ordered to pay $2,201.50 in monthly child support. From 2001 to January of 2011, Powell paid and Carruthers accepted $800 in monthly child support. In February of 2011, Powell paid $200 in child support. On February 24, 2011, Powell filed a petition for modification of the divorce decree. In March of 2011, Carruthers filed a motion for contempt to enforce child support, seeking to hold Powell in contempt for his failure to pay $2,201.50. The trial court consolidated the divorce, modification, and contempt cases.

On May 11, 2011, the trial court granted Carruthers's motion in part and denied it in part, finding that Powell's payment and Carruthers's acceptance of child support in the amount of $800 monthly created a new agreement and that Powell was in contempt for failure to pay $800 monthly since February of 2011. Carruthers filed a motion to reconsider and vacate judgment on June 10, 2011. In an order dated December 13, 2011, the trial court denied Carruthers's motion to reconsider and vacate judgment and found Powell in contempt for failure to comply with the May 2011, order. Carruthers filed three notices of appeal.

The Supreme Court has appellate jurisdiction over "[a]ll divorce and alimony cases." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (6).  In Georgia, child support

is a form of alimony. See *Jones v. Jones*, 280 Ga. 712, 715-716 (1) (632 SE2d 121) (2006). Jurisdiction over a contempt action alleging that a party failed to comply with the child support provisions of a divorce decree, therefore, lies in the Supreme Court. See *Spurlock v. Dept. of Human Resources*, 286 Ga. 512, 513 (1) (690 SE2d 378) (2010); *Rogers v. McGahee*, 278 Ga. 287, 288 (1) (602 SE2d 582) (2004); *Smith v. Smith*, 254 Ga. 450, 451 (1) (330 SE2d 706) (1985). Accordingly, the Supreme Court has jurisdiction over this appeal, which is hereby TRANSFERRED to that Court for disposition.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 06/22/2012
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*