In the Supreme Court of Georgia

Decided: November 3, 2014

S14A0835.  COXWELL v. COXWELL.

HUNSTEIN, Justice.

In this pending divorce action, we granted the application for interlocutory appeal by Appellant James L. Coxwell (Husband), who challenges the trial court's denial of his motion to enforce a lost antenuptial agreement between Husband and Appellee Sandra Faye Coxwell (Wife).  We hold that the appropriate standard of proof for establishing the contents of a lost antenuptial agreement is the preponderance of the evidence standard.  Utilizing this standard, we conclude that the trial court did not err in holding that Husband failed to prove the terms of the lost antenuptial agreement, and we therefore affirm.

Husband and Wife married in 1995, and Wife filed a complaint for divorce in 2012.  Husband filed a motion to enforce the parties' antenuptial agreement, which both parties agree is valid and in force.  Neither party,

however, has been able to locate the agreement, in either its original or any other form, and their dispute thus centers on the agreement's terms. For this reason, in his motion to enforce, Husband also requested entry of a declaratory judgment establishing the terms of the lost antenuptial agreement.

After conducting a three-day hearing, at which the parties both testified and presented evidence in support of their respective recollections of the agreement's terms, the trial court denied Husband's motion. The court found that neither party had intentionally destroyed, hidden, or failed to produce the antenuptial agreement. The court also found that both parties had testified truthfully, each honestly believing that their own respective recollection of the terms of the antenuptial agreement was correct. As a result of these findings, and based on the record before it, the court determined that it was unable to ascertain the agreement's terms and that, therefore, it could not enforce the agreement.

1. Our review of the trial court's decision must begin by identifying the standard of proof necessary for establishing the contents of a lost antenuptial agreement. Though Wife urges us to adopt the clear and convincing evidence standard, we conclude that preponderance of the evidence is the proper standard.

2

A divorce action is a civil proceeding, and the Georgia Code says that "in all civil proceedings, a preponderance of evidence shall be considered sufficient to produce mental conviction." OCGA § 24-14-3. See also OCGA § 19-5-8 ("[t]he same rules of pleading and practice applicable to ordinary civil actions shall apply to actions for divorce . . . , except as otherwise specifically provided in this chapter"). In addition, the specific provision in our newly revised evidence code addressing the admissibility of secondary evidence of lost documents contains no reference to a heightened standard of proof. See OCGA § 24-10-1004; see also Jefferson Pilot Fire & Cas. Co. v. Prickett, 176 Ga. App. 810, 812 (338 SE2d 19) (1985) (once existence of lost document established, its contents are "subject to proof by competent evidence"). Moreover, we have never applied a heightened standard of proof to establish the validity of an antenuptial agreement. See, e.g., Dove v. Dove, 285 Ga. 647 (5) (680 SE2d 839) (2009) (discussing criteria for assessing enforceability of antenuptial agreements without mention of heightened standard of proof); Scherer v. Scherer, 249 Ga. 635 (3) (292 SE2d 662) (1982) (seminal case that prescribed such criteria, which made no mention of heightened standard of proof). We thus find no compelling basis for adopting a heightened standard of proof and

3

conclude that the appropriate standard to establish the contents of a lost antenuptial agreement is the preponderance of the evidence standard.

2. The trial court here did apply the preponderance of the evidence standard in determining that Husband had failed to prove the terms of the antenuptial agreement. We now assess whether the trial court correctly applied this standard to the evidence presented. In so doing, we are required to affirm the trial court's factual findings unless they are clearly erroneous and to give due deference to its determinations on witness credibility. Langley v. Langley, 279 Ga. 374 (2) (613 SE2d 614) (2005).

Having reviewed the record, we find no clear error in the trial court's finding that neither party intentionally destroyed or secreted the antenuptial agreement. The hearing testimony showed that both parties were given a copy of the agreement after it was signed and that one of those copies was put in a file cabinet that ultimately ended up at the Cobb County residence where Wife lived after the parties separated. Wife testified that she last saw the file folder in which the agreement was stored in 2003; searched the file cabinet and the rest of the Cobb County residence for the document, to no avail; and made other – ultimately unsuccessful – efforts to locate the document, including attempting

4

to contact the lawyer who drafted it and contacting the county court to determine whether it might have been recorded. Husband likewise testified that he had searched the Cobb County residence, checked the contents of his safe deposit box, attempted to contact the drafting attorney, and made inquiries regarding its possible recordation. The trial judge asked both parties, while they were under oath, whether they had destroyed, hidden, or secreted the agreement and whether they knew where a copy could be found, and both parties answered unequivocally in the negative. Both in announcing its ruling from the bench and in its order denying Husband's motion, the trial court noted its belief that both parties had testified truthfully and that neither party had intentionally caused the loss or destruction of the document. Given our duty to defer to the trial court's credibility determinations, we cannot disturb its finding in this regard. See Langley, 279 Ga. at 377.

As to the contents of the agreement, the undisputed evidence showed that neither party had reviewed the agreement for many years, and the parties' testimony indicated that neither party had read the document with particular care even at the time of its execution. Husband testified that he made clear to Wife, in discussing the antenuptial agreement prior to its execution, that in the event

of divorce he did not want to be obligated for alimony and wished to retain full ownership of all properties and investments titled in his name, including those acquired during the marriage. Wife, on the other hand, testified that the agreement dealt primarily with pre-marital property, that she assumed all post-marital property would be "community" property regardless of legal title, and that she did not recall alimony being a part of the agreement.

Faced with this conflicting testimony, the trial court again expressly found that both parties honestly believed in the truth of their respective positions and opined that the parties' divergent recollections were attributable to faulty memories, the passage of time, and the power of others' suggestiveness. Under these circumstances, the trial court determined that Husband had not met his burden to prove the agreement's terms by a preponderance of the evidence.

Again, we must defer to the trial court's assessment of the parties' credibility on the issue of the agreement's contents. See Langley, 279 Ga. at 377.

> Preponderance of evidence means "that superior weight of evidence upon the issues involved, which, while not enough to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other."

(Citations omitted.)  <u>Estate of Patterson v. Fulton-DeKalb Hosp. Auth.</u>, 233 Ga. App. 706, 708 (2) (505 SE2d 232) (1998).  Given the court's inability to accept Husband's recollection as more credible than Wife's, the court properly found that Husband had failed to carry his burden to prove the contents of the antenuptial agreement by a preponderance of the evidence.  Accordingly, the trial court properly denied his motion to enforce, and we affirm.

<u>Judgment affirmed.  All the Justices concur.</u>