# Court of Appeals
# of the State of Georgia

ATLANTA,___October 09, 2015_____

*The Court of Appeals hereby passes the following order:*

## A16A0186. ALEX HILL v. NIKOLLA HILL.

Nikolla Hill and Alex Hill were divorced in 2013. In 2015, Nikolla Hill filed a petition for contempt, asserting that Alex Hill had failed to pay child support and alimony and that he had failed to make the required payments for her interest in the marital residence, horse, and Kentucky property. An amended petition moved for clarification and correction of the divorce decree, contending that the final decree failed to state clearly how the parties' retirement accounts were to be divided. The trial court issued an order on the amended petition, finding that the divorce decree contained clerical errors in that it failed to indicate how the retirement accounts were to be divided, and replacing the retirement portion of the divorce decree. Alex Hill filed a direct appeal from this interlocutory order. We lack jurisdiction.

The Georgia Supreme Court has jurisdiction over all divorce and alimony cases, including those cases ancillary to the divorce proceedings. See Ga. Const. 1983, Art. VI, Sec. VI, Par. III (6); *Morris v. Surges*, 284 Ga. 748, 750 (2) (670 SE2d 84) (2008). See also *Coxwell v. Coxwell*, 296 Ga. 311 (765 SE2d 320) (2014) (granted interlocutory appeal from the denial of motion to enforce antenuptial agreement). As the subject matter relates to the determination of marital property, it appears jurisdiction may lie in the Supreme Court. It is well-settled that the ultimate responsibility for determining appellate jurisdiction is vested in the Supreme Court of Georgia. See *Saxton v. Coastal Dialysis &c.*, 267 Ga. 177, 178 (476 SE2d 587) (1996). Accordingly, this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* ____10/09/2015____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*