# Court of Appeals
# of the State of Georgia

ATLANTA,  December 14, 2015

*The Court of Appeals hereby passes the following order:*

## A16D0164. ANGELA BROWN v. KEITH BROWN.

Angela and Keith Brown were divorced in 2011. The final judgment and decree of divorce incorporated a settlement agreement detailing, among other things, the amount of alimony and child support to be paid, as well as other directives. Angela Brown filed a petition for contempt, arguing that Keith Brown failed to pay the alimony and child support payments directly to her and violated a number of other requirements in the settlement agreement. The trial court denied her motion, finding that "[t]he Final Judgment and Decree of Divorce Incorporating Settlement Agreement is too vague to be enforceable such that Defendant cannot be held in contempt." Angela Brown filed an application for discretionary appeal to this Court, specifically arguing, among other things, that the trial court erred in finding the Final Judgment and Decree of Divorce vague and in refusing to find Keith Brown in contempt based on his failure to pay child support and alimony payments directly to her.

Under the Georgia Constitution of 1983, Art. VI, Sec. VI, Par. III (6), the Supreme Court has appellate jurisdiction over "[a]ll divorce and alimony cases." "[A]n appeal from the judgment in a contempt action seeking to enforce any portion of [a] divorce decree other than child custody is ancillary to divorce and alimony and falls within [the Supreme] Court's jurisdiction over 'divorce and alimony cases.' [Cits.]" *Rogers v. McGahee*, 278 Ga. 287, 288 (1) (602 SE2d 582) (2004); see also *Morris v. Surges*, 284 Ga. 748, 750 (2) (670 SE2d 84) (2008). Accordingly, this appeal is hereby TRANSFERRED to the Supreme Court.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __12/14/2015__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*