## GREEN *v.* DRIVER *et al.*

A devise to one for life and at his death to be equally divided among his children, where the will contains no manifest intention to the contrary, creates a vested remainder in the life-tenant's children living at the testator's death. If a child of the life-tenant living at the testator's

death should die before the death of the life-tenant, leaving children, such children take by descent the share of their deceased parent.

FEBRUARY 11, 1915.

Partition. Before Judge Daniel. Pike superior court. December 18, 1913.

*E. C. Armistead,* for plaintiff in error.

*E. P. Patterson,* contra.

EVANS, P. J. This writ of error is to a judgment of partition; and the sole question presented is whether the applicants for partition, who were grandchildren of Julius Driver, took any interest in the remainder estate upon the death of Julius Driver, by virtue of the devise in the will of Giles Driver. The general estate of the testator was devised to his children, one of whom was Julius, in equal shares, "observing the restrictions, qualifications, and differences in this will." The relevant portions of the will are as follows: "Item 6. I throw this restriction and qualification around the property or effect that may fall to my son, Julius W., that is, it is not to be subject to any of his debts or contracts now made or hereafter made, but he is to use it for his support and benefit and that of his family, and at his death to be equally divided among his children. . . Item 8. If any of my children die on, or before, or after me, and leave a child or children, such child or children to have their parent's interest in my estate under this will. Item 9. I hereby put this condition and qualification upon the property or its effects that may be received by each of my children, to wit: If any of them die and leave no living or posthumous child, then the property or its effects falling to such child to return to my estate and to be equally divided among all of my children, or their children, as the case may be, in the manner herein specified for division, observing the restrictions and qualifications in this will." The applicants for partition are the grandchildren of Julius Driver, the life-tenant, whose parents died before his death. The case was submitted to the judge on an agreed statement of facts, who decreed that the remainder estate to the children of Giles Driver vested upon the death of the testator, and upon the death of Julius Driver his grandchildren inherited the interest of their parents, children of Julius, who died before him. The record is indistinct upon the point whether the children of Julius, who died before he did, were in life at the time of the death of the testator, Giles

Driver. The case is presented to us on that basis, and the plaintiff in error states his contention as follows: "Plaintiff in error contends that the testator (Giles Driver) restricted the remainder estate to the children of Julius Driver that was in life at the death of the life-tenant." We shall accordingly deal with the proposition on the basis that the children of Julius, whose children are claiming a part of the remainder estate, were in life at the death of the testator, Giles Driver, and were deceased when their father, Julius, died. No question is made in the record of the rights of children (if any) of Julius Driver who were born after the testator's death.

We think the testamentary scheme was to create a life-estate in Julius, with remainder to his children, and that children of Julius in life at the testator's death took a vested remainder, which descended to their heirs upon their death, and became an estate in possession upon the death of Julius. The code declares that "The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary appears." Not only is there no manifest intention to the contrary, but the 8th item of the will reflects the testator's intention that if any of his children should die before he died, leaving a child or children, such child or children should stand in loco parentis, so far as his benefactions were concerned. The provision in the 9th item more particularly related to a failure of issue, in which event the property was to revert to the testator's estate for distribution under his will. A will similar in its provision was construed in *Crossley* v. *Leslie,* 130 *Ga.* 782 (61 S. E. 851, 14 Ann. Cas. 703). There the will of the testator contained the following clause: "I give and bequeath to my wife, Patience Leslie, the following property, . . for and during her natural life, and after her death to be sold, and the proceeds to be equally divided between my surviving children and the children of any of my deceased children;" and it was held that this bequest created a life-estate in the wife, that the words of survivorship applied to the time of the death of the testator, and that his children then living took a vested-remainder estate. The principle enunciated in that case, as well as in the many cases that are cited, compels a construction that the children of Julius Driver in life at the death of his father, Giles, took a vested remainder upon the death of Giles, and that the in-

terest of those who were in life at the time of the death of Giles, and who died before the life-tenant, Julius, passed by inheritance to their children.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*