732

21956.  SCOTT et al. v. SCOTT et al.

CANDLER, Justice.  Mrs. Claud Jane Fokes executed a will on September 9, 1944, and died in 1949.  Her will was probated in solemn form in Dooly County and W. P. Hudson, the nominated executor, qualified and letters testamentary were issued to him.  Items 3 and 5 of her will are as follows: "Item 3.  I give, bequeath and devise to W. P. Hudson, who has honestly attended to my affairs, as Trustee for my sister, Lizzie D. Scott, for and during her natural life, all of my property of whatever kind and description . . . to be used by said Trustee for her benefit and support as in his judgment is right and proper."  "Item 5.  It is my will and I do devise, that after the death of my said sister, Lizzie D. Scott, that the rest and residue of my property of whatever kind and description . . . that shall have not been used for the benefit of my said sister, Lizzie D. Scott, by said Trustee, W. P. Hudson, shall be the property of said W. P. Hudson in fee simple."  As executor, W. P. Hudson marshaled the estate of Mrs. Fokes, paid all of her debts, turned the balance of her estate over to himself as trustee, and continued to hold and use it for the support and maintenance of Lizzie D. Scott until his death on July 1, 1959.  He died intestate, leaving no wife, child or descendant of a child.  After his death and on September 8, 1959, Mrs. Ethel Scott West and six others, filed an applica-

tion in the Court of Ordinary of Dooly County for the appointment of an administrator dbn/cta of the estate of Mrs. Fokes. On September 26, 1959, Lizzie D. Scott, Verna V. Hudson, Delia Hudson Thompson, James Corbitt Hudson, Sr., W. Vaude Hudson and Herman D. Hudson filed a petition in the Superior Court of Dooly County in which they prayed for process and service, for a construction of Mrs. Fokes' will, for a declaration of their rights under her will and for an injunction restraining prosecution of the application which Mrs. West and others filed for the appointment of an administrator of the estate of Mrs. Fokes. Their action was brought against James H. Scott, Raster Scott, Eloise Scott Mashburn, Mrs. Clyde Scott Peavy, Mrs. Eunice Scott Pickard, Mattie Claude Scott Gurr, Bill Scott, Mrs. Ethel Scott West, Mrs. Fred W. Allen and Herman Mashburn. The plaintiffs, other than Lizzie D. Scott, are brothers and sisters of W. P. Hudson, deceased, and as such are his only heirs at law. The defendants are nephews and nieces of Mrs. Fokes, deceased, and as such are her next of kin. The plaintiffs, other than Lizzie D. Scott, allege and contend that the part of her estate which Mrs. Fokes bequeathed in fee simple to W. P. Hudson, individually, descended to them on his death, and the defendants allege and contend that Mrs. Fokes' will bequeathed only a contingent remainder in that part of her estate bequeathed to W. P. Hudson individually; that such interest terminated on his death and should on the death of Lizzie D. Scott be paid to them as the only heirs at law of Mrs. Fokes. The exception here is to a summary judgment enjoining prosecution of the application filed by Mrs. West and others for the appointment of an administrator of Mrs. Fokes' estate and holding that Mrs. Fokes' will devised and bequeathed to W. P. Hudson a fee simple interest in all of the assets of the trust estate which may be left in that estate on the death of Lizzie D. Scott; that on the death of Lizzie D. Scott any part of Mrs. Fokes' estate which has not been used for the support and maintenance of Lizzie D. Scott should be paid to the plaintiffs as the heirs at law of W. P. Hudson; and that Lizzie D. Scott is entitled to have a trustee appointed to preserve the trust property and use it for her support and maintenance in accordance with the terms of Mrs. Fokes' will. *Held:*

1. The petition in this case stated a cause of action for the relief sought and for that reason was not subject to general demurrer.

2. The pleadings in this case raise no question respecting the validity of the trust estate which the will of Mrs. Fokes created for the lifetime support and maintenance of Lizzie D. Scott, her sister. But the defendants take the position that the will of Mrs. Fokes bequeathed and devised to W. P. Hudson only a contingent remainder interest in any property which may be left in the trust estate on the death of Lizzie D. Scott and that such remainder interest terminated when he died during the life of Lizzie D. Scott. Like the trial judge, we think this position is untenable. *Code* § 85-703 declares: "Remainders are either vested or contingent. A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen." Under this Code section, W. P. Hudson took a vested remainder interest in all property which may be left in the antecedent trust estate at the time of Lizzie D. Scott's death and, when Hudson died intestate, his vested remainder interest in such property descended to his heirs at law. *Code* § 85-704; and *Green v. Driver*, 143 Ga. 134 (84 SE 552). For some of the cases decided by this court differentiating vested and contingent remainders, see *Gilmore v. Gilmore*, 197 Ga. 303 (29 SE2d 74), and the cases there cited.

3. Since the will of Mrs. Fokes disposed of all of her property, this court will not hold that the trial judge erred in enjoining prosecution of the application to appoint an administrator of her estate. The petition in this case prayed for process and service and there is no merit in the contention that the court was unauthorized on the trial of the cause to grant the prayer for injunctive relief. See *Code Ann.* § 110-1102 (a) (Ga. L. 1959, p. 236).

4. The trial judge properly held that Lizzie D. Scott was entitled to have a successor trustee appointed to preserve the assets of the trust estate and to use them for her support and maintenance in accordance with the terms of Mrs. Fokes' will. See *Code* § 108-302 and *Code Ann.* § 108-315.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 11, 1963—DECIDED MARCH 7, 1963—
REHEARING DENIED MARCH 25, 1963.

*John P. Nixon, Joel A. Willis, Davis & Freidin,* for plaintiffs in error.

*L. F. Bedingfield, Bloch, Hall, Groover & Hawkins,* contra.