23113.   McVAY et al. v. ANDERSON et al.

ARGUED SEPTEMBER 14, 1965—DECIDED SEPTEMBER 22, 1965—
REHEARING DENIED OCTOBER 7, 1965.

*Harris, Russell & Watkins, John B. Harris, Jr.,* for plaintiff in error.

*Anderson, Walker & Reichert, William C. Turpin, R. L. Anderson, Jr.,* contra.

DUCKWORTH, Chief Justice. Exceedingly capable counsel on both sides have reduced this otherwise complicated case to a sharp focus upon the decisive questions involved. That beneficiaries can agree amongst themselves to a distribution different from that in the trust instrument or will, and such an agreement is valid and binding upon all parties thereto is settled law. *Hatcher v. Cade,* 55 Ga. 359; *Bailey v. Ross,* 66 Ga. 354; 57 Am. Jur. 653, Wills, §§ 1005—1009. See also on the subject of the law favoring family settlements, *Code* § 20-1205; *Folds v. Folds,* 187 Ga. 463, 466 (1 SE2d 4); *Cagle v. Justus,* 196 Ga. 826 (28 SE2d 255). It is also settled law that such parties by their agreement bind themselves thereto as well as those claiming under them. Of course, if minors had an interest the agreement of the adults would not bind them. But where as here any interest of minors is based upon previous agreements of the adults, that interest is controlled by the agreement of the same adults, see *Josey v. Rogers,* 13 Ga. 478; *Hatcher v. Cade,* supra; *Watkins v. Gilmore,* 130 Ga. 797 (62 SE 32). Such beneficiary agreements do not alter the will as forbidden by *Mercier v. Mercier,* 50 Ga. 546 (15 AR 694), but are a modification of the rights of such beneficiaries under the will. 57 Am. Jur. 653, § 1005, supra.

We agree with counsel for defendant in error that if the beneficiary agreement dated October 1, 1937, stood alone its explicit direction that after the death of Miss Fanny Blount, the trustee "shall turn over and deliver" the remaining corpus (one-half not in controversy) the other half to be equally divided among Mrs. Joseph Blount, Mrs. McVay, Mrs. Bricker and Mrs. Anderson, would vest absolutely the respective interest in the named persons which would go to their estates if they predeceased the life tenant. In that situation *Wilbur v. McNulty,* 75 Ga. 458; *Green v. Driver,* 143 Ga. 134 (84 SE 552); *Ragan v. Rogers,* 146 Ga.

818 (92 SE 647); and *McDougald v. Kennedy,* 203 Ga. 144 (45 SE2d 654), would control and demand that conclusion. But such are not the facts of this case, for the 1937 agreement expressly made the 1935 trust indenture a part thereof. Thereby the relevant portion of the 1935 indenture was as effectually made a part of the 1937 agreement as if it had been copied therein. The 1935 indenture as to this one-half of the estate provides that after the death of the life tenant, this remaining half shall be paid "to the family of my son Joseph H. Blount, to-wit: Mrs. Joseph G. Blount, Mrs. Lamar Washington (now Mrs. Dorothy Blount McVay), Mrs. Lee K. Fargo and Mrs. Eugenia Frances Blount Anderson." By the record it is shown that these four are the same four persons named in the 1937 agreement. "In case of death of any one or more of these remaindermen, I desire that the portion which would have gone to such deceased person shall go to the heirs of the body of such person." The 1937 agreement attached and made a part thereof the 1935 indenture and expressly stated that the remainder after the death of the life tenant should go "as set out in the trust agreement of July 26, 1935." Counsel for the defendant in error claim to find a conflict in the 1937 agreement where it directs the trustee upon the death of the life tenant to turn over and deliver this one-half remainder to four named persons, and the 1935 indenture which gives it to the same persons if in life, and to the heirs of their bodies if deceased. And they invoke the principle of construction that general and unlimited terms in an instrument are limited by specific recitals. *Torrance v. McDougald,* 12 Ga. 526; *Ross v. Jones,* 151 Ga. 425 (107 SE 160); *McCann v. Glynn Lumber Co.,* 199 Ga. 669 (34 SE2d 839); *Mayor &c. of Savannah v. Savannah Elec. & Power Co.,* 205 Ga. 429 (54 SE2d 260); *Central Ga. &c. Corp. v. Georgia Power Co.,* 217 Ga. 171 (121 SE2d 644). While counsel for plaintiff in error invoke the rule that where there are contradictory clauses the former must prevail, (*Code* § 29-109), we find ourselves disagreeing with both counsel, because the provisions for disposition of the property are in conformity, hence there is no conflict. Had the parties thereto desired or intended that the 1937 agreement should, standing alone, be dispositive of the entire matter, they would not have made the 1935 indenture a part thereof and expressly provided

at the death of the life tenant that the property should be disposed of as provided in the 1935 indenture. Having expressly provided that it go as directed in the 1935 indenture, the 1937 agreement merely in part repeated that disposition, for they both gave it to the same four persons, and the indenture further provides for disposition in case of death of any of these parties. The 1937 agreement directed the trustee to whom delivery should be made, and this was supplemented by the 1935 indenture to direct to whom it should go in case of the prior death of either of such four named persons. Thus the indenture provision does not contradict the 1937 agreement, but adds thereto provisions for a contingency not provided therein, except for the fact that this provision is by reference made a part thereof. Combining the two as the 1937 agreement expressly does, they become one instrument which directs the trustee to turn over and deliver the remainder to the four named persons if in life and to their bodily heirs if any of them are deceased.

We are not diverted from the plain provision that heirs of the body of a predeceased remainderman should take that share whereas here there are no such heirs of the named remainderman, Mrs. Eugenia Frances Blount Anderson, in life by the rulings in *Fields v. Lewis,* 118 Ga. 573 (45 SE 437), and *McDougald v. Kennedy,* 203 Ga. 144, supra, where the instruments conveyed to children or their representatives. Obviously, such conveyances were to the children and vested in their estate if predeceased. By changing the 1930 trust indenture that provided that if any of the remaindermen predeceased the life tenant their shares should go to their heirs by the 1935 indenture to provide that in such event their shares should go to the heirs of their bodies, the settlor plainly manifested a desire to keep the property in the blood relatives. By empowering the trustee to encroach upon the corpus as much as necessary to care adequately for the life tenant, the settlor plainly manifested an intention that title remain in the trustee until the death of the life tenant, therefore an intention that it not vest in the named remaindermen before that time.

Then when the 1937 agreement, having attached thereto the 1930 and 1935 trust indentures, which contained contradictory provisions to apply if a remainderman predeceased the life ten-

ant, expressly provided that the provision contained in the 1935 indenture should control, all reasonable doubt as to the intention is removed. To contradict this unmistakable intention by causing the provision in the 1930 indenture to control can find no justification in fact or law. The clause directing the trustee to turn over and deliver the property to the remaindermen does not justify it. That clause can be reasonably read in harmony with the 1935 indenture. They both name the same remaindermen, but where that clause fails to provide for a case where the remainderman predeceases the life tenant, the indenture supplies this deficiency. The cardinal rule of construction is the ascertainment and effectuation of the intent and this must be done even if it requires transposing words and sentences to the point of ignoring minor clauses. *Code* § 20-704. See also *Code* §§ 102-102 (9), 113-806; *Shorter v. Methvin*, 52 Ga. 225, 230; *Simpson v. Brown*, 162 Ga. 529 (134 SE 161, 47 ALR 865); *Sproull v. Graves*, 194 Ga. 66 (20 SE2d 613); *Aiken v. Aiken*, 209 Ga. 819 (76 SE2d 481).

Beyond all doubt the contracting parties intended that only bodily heirs take in the event of the death of a remainderman before the life tenant, else they would not have said so plainly by expressly adopting the provision to this effect in the 1935 indenture. This intent can not be defeated by the further direction to the trustee which does not contradict, withdraw or retract the indenture provision. We hold therefore that the shares of the deceased remaindermen go to their bodily heirs if there be such; that the remaindermen could not legally convey their interest before the death of the life tenant, and any attempt to do so is null and void. The final question is whether, when two of the remaindermen predeceased the life tenant leaving no bodily heirs their shares go to the other remaindermen, or to the residuary clause of the will. Unquestionably, this is a difficult question, and we have seriously considered it. But we believe the expressed intention of the settlor, found in the 1935 trust indenture points definitely to the correct answer. It is there said: "The other one-half of said corpus shall be paid to the family of my son Joseph G. Blount," and when two died his family consisted of the two living, and the direction is that the property go to the family of the settlor's son, Joseph. Therefore,

386

we rule that the trustee is required to deliver the entire property to Mrs. McVay and Mrs. Bricker in equal portions.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*