## S03F1027. KNOTT v. KNOTT.
### (589 SE2d 99)

FLETCHER, Chief Justice.

In September 1999, Kenneth and Kathryn Knott entered into a separation and property settlement agreement that was incorporated into a final judgment of divorce. The agreement provided for the disposition of certain property acquired during the marriage, including a condominium in Hawaii. When a dispute arose concerning the sale of that property, both parties asked the Superior Court to hold the other in contempt of the final judgment of divorce. Kenneth Knott appeals the order of the trial court finding him in contempt of that judgment and ordering him to pay all accrued taxes on the Hawaii property out of his share of the proceeds from the sale of that property. Because the divorce agreement evidences an intent by the parties to evenly share the burden of taxes that accrued on the Hawaii property before the divorce, we reverse.

In 2002, Husband filed a motion for contempt against Wife, alleging that Wife was violating the parties' divorce agreement by interfering with Husband's attempts to sell the Hawaii property. Wife counterclaimed against Husband, claiming that the settlement agreement requires Husband to pay all accrued taxes on the Hawaii property out of his share of the sale proceeds, and that Husband had violated the divorce agreement by failing to disclose the existence of a tax lien filed by the State of Hawaii in February 1999. The Superior Court agreed with Wife and ordered Husband to pay all accrued taxes on the Hawaii property out of his share of the sale proceeds. Husband was also ordered to pay Wife's attorney fees as a sanction for being in contempt of the final judgment of divorce.

1. The first issue is whether the trial court correctly concluded that Husband violated the divorce agreement by failing to disclose in the agreement the existence of the tax lien filed by the State of Hawaii. The tax lien was filed by Hawaii for unpaid general excise and transient accommodation taxes between 1988 and 1996. The

divorce agreement states that "each party represents and warrants that he or she has made a full and fair disclosure to the other of all of his or her property interests . . . and that such property is subject to no . . . lien . . . except those which are disclosed herein." The trial court concluded that Husband violated this provision by failing to disclose the existence of the 1999 tax lien on the Hawaii property at the time the divorce agreement was entered.

"In order for one to be held in contempt, there must be a wilful disobedience of the court's decree or judgment."[1] The undisputed evidence in the record shows that both Husband and Wife knew before the divorce that there was an existing tax claim attached to the Hawaii property. There is no evidence that either party had actual knowledge that the tax claim had been reduced to a certificate of state tax lien or recorded as a lien on the property at the time the divorce agreement was entered, and both parties are charged equally with constructive knowledge of the recorded lien.[2] Since there is no evidence that Husband intentionally avoided any investigation into the tax claim, precluded Wife from learning about the tax lien, or otherwise willfully violated the final judgment of divorce, the trial court erred by holding Husband in contempt.

Accordingly, the trial court's order holding Husband in contempt for violating the divorce agreement is reversed. Because the trial court's decision to award attorney fees to Wife was based on its erroneous finding that Husband had willfully violated the divorce agreement, that decision is also reversed.

2. The next issue is whether the tax lien should be satisfied from Husband's portion of the sale proceeds from the Hawaii property, or if Husband and Wife should share the tax burden equally. Contractual interpretation is generally a matter of law to be decided by the court,[3] and this Court subjects a lower court's conclusions with respect to matters of law to de novo review.[4] The cardinal rule of contractual construction is to ascertain the intent of the parties.[5] This Court agrees with Husband that the divorce agreement evidences an intent to share the burden equally, because requiring Husband to bear the entire burden of the tax lien would render certain provisions of the divorce agreement meaningless.[6]

---

[1] *Gallit v. Buckley*, 240 Ga. 621, 626 (242 SE2d 89) (1978).

[2] *Cummings v. Johnson*, 218 Ga. 559, 560-561 (129 SE2d 762) (1963) ("[a] duly filed and recorded deed to secure debt is notice . . . to the world").

[3] OCGA § 13-2-1.

[4] *Irvin v. Laxmi, Inc.*, 266 Ga. 204, 205 (467 SE2d 510) (1996); *Northen v. Tobin*, 262 Ga. App. 339, 342 (585 SE2d 681) (2003).

[5] OCGA § 13-2-3; *McVay v. Anderson*, 221 Ga. 381, 385 (144 SE2d 741) (1965); *Hull v. Lewis*, 180 Ga. 721, 724 (180 SE 599) (1935).

[6] See *Paul v. Paul*, 235 Ga. 382, 384 (219 SE2d 736) (1975) ("that construction will be

The divorce agreement states that "until the property mentioned herein [including the Hawaii property] is sold, it is the responsibility of Husband to continue all payment associated with these property [sic], including payment of any . . . taxes." The same section of the divorce agreement also declares that "as [the Hawaii] property is sold, all expenses of sale, including without limitation . . . liens . . . shall be deducted from the sales price" and that the remainder of the sales price would be split equally between the parties. These two aspects of the divorce agreement must be read in conjunction with one another.[7]

Read together, these two sections clearly impose upon Husband the obligation to pay all taxes that accrue on the Hawaii property from the date of the divorce agreement forward, but contemplate that all pre-existing liens on the property will be satisfied from the sale proceeds and borne equally by the parties. Wife's claim that Husband should be required to pay all pre-existing tax liens on marital property would render meaningless the section of the divorce agreement that contemplates deducting liens from the sales price, and such an interpretation is not favored.[8]

Accordingly, the trial court erred in ordering Husband to bear the entire burden of the pre-existing tax lien from his share of the proceeds. Those taxes accrued while Husband and Wife were still married, and it is the clear intent of the divorce agreement that both parties should share the burden of those taxes equally. The agreement thus provides that when the property is sold, the parties shall deduct from the sales price the amount of the tax lien for pre-divorce taxes, and any accrued interest. The remaining proceeds shall be divided equally between the parties.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 17, 2003.

*Banks, Stubbs, Neville & Cunat, Robert S. Stubbs III*, for appellant.

*Dupree, Poole & King, Russell D. King*, for appellee.

---

favored which gives meaning and effect to all of the terms of the contract over that which nullifies and renders meaningless a part of the language therein contained").

[7] See OCGA § 13-2-2 (4) ("construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part"); *McCann v. Glynn Lumber Co.*, 199 Ga. 669, 674 (34 SE2d 839) (1945) ("intention of the parties is determined from a consideration of entire contract; and, if possible, all of its provisions should be interpreted . . . to harmonize with each other").

[8] *Paul*, 235 Ga. at 384.