## S04A0870. REESE v. GRANT.
### (596 SE2d 139)

THOMPSON, Justice.

Appellee Hal Grant sued his former wife, appellant Tanya Grant Reese, alleging that she was in wilful contempt of an indemnification provision of the settlement agreement incorporated into their final judgment and decree of divorce. Although the trial court refused to find Reese in contempt, it nonetheless ordered her to pay attorney fees incurred by Grant.

The order is silent as to whether attorney fees were awarded pursuant to OCGA § 9-15-14 because the trial court believed that Grant was forced to defend against groundless and frivolous litigation,[1] or whether the award was made under OCGA § 19-6-2 (a) which permits attorney fees in a domestic relations action for contempt of court involving property division. In either event, the order is legally insufficient because the trial court failed to set forth findings of fact to support an award under OCGA § 9-15-14 (see *Cotting v. Cotting*, 261 Ga. App. 370 (582 SE2d 527) (2003)), and did not include a consideration of the financial circumstances of the parties as is required under OCGA § 19-6-2 (a) (1). Compare *Carson v. Carson*, 277 Ga. 335 (588 SE2d 735) (2003). Therefore, we vacate the award and remand for further clarification of the trial court's intent and the basis for its ruling.

*Judgment vacated and case remanded with direction. All the Justices concur.*

---

[1] Even though Grant did not prevail in his attempt to have Reese held in contempt, he is not necessarily precluded from recovering attorney fees under OCGA § 9-15-14. *Betallic, Inc. v. Deavours*, 263 Ga. 796 (439 SE2d 643) (1994).

DECIDED APRIL 27, 2004.

*Sean A. Black*, for appellant.
*Barry L. Fitzpatrick*, for appellee.