## S04F1455. MIXON v. MIXON.
### (603 SE2d 287)

HUNSTEIN, Justice.

Appellant Beverly Mixon petitioned for a divorce from her husband, appellee Carson Mixon. In their pleadings both parties requested that they be awarded their attorney fees. See OCGA § 19-6-2. A jury resolved all issues except attorney fees after a two-day trial during which evidence was adduced regarding the parties' financial circumstances. The trial court then reserved the issue of attorney fees until appellant's counsel had submitted her bill and appellee had a chance to respond. Appellant filed an affidavit detailing $20,292.98 in attorney fees and expenses of litigation. Appellee responded by asserting that each party should pay their own fees and expenses. The trial court thereafter denied appellant's request for attorney fees, stating in its order that its decision was based on "the exercise of its discretion after considering the financial resources of both parties, the age and physical condition of both parties, the abilities of the parties to remain in [the] workforce, and the estates of both parties." We granted appellant's application for discretionary appeal from the final divorce decree pursuant to this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

1. We find no merit in appellee's contention that this appeal should be dismissed because appellant filed her notice of appeal prior to this Court's grant of her application to appeal. See *Wannamaker v. Carr*, 257 Ga. 634 (1) (362 SE2d 53) (1987).

2. Appellant contends in four enumerations that the denial of her request for attorney fees constituted error in various ways. We do not agree. Based on our review of the record, the evidence did not demand that appellant be awarded some or all of the attorney fees she claimed. Contrary to appellant's argument, she was not entitled to attorney fees merely because appellee chose not to contest the factual averrals in her affidavits in support of her claim. The purpose of an award of attorney fees pursuant to OCGA § 19-6-2 is "to ensure effective representation of both spouses so that all issues can be fully and fairly resolved. [Cit.]" *Moon v. Moon*, 277 Ga. 375, 379 (6) (589 SE2d 76) (2003). In light of this purpose it is not always essential for one spouse to rebut the other spouse's evidentiary claims in order for a trial court to determine whether attorney fees should be awarded.

We disagree with appellant that the statutory basis for the trial court's ruling is in question. Although the trial court did not expressly reference OCGA § 19-6-2 (a) (1), the language used by the court is consistent with the statutory mandate that the trial court "shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed

against either party." Id. No motion for attorney fees was made pursuant to OCGA § 9-15-14 nor is there any indication in the record that the trial court undertook sua sponte to consider attorney fees on that basis. See *Glass v. Glover*, 241 Ga. App. 838 (528 SE2d 262) (2000). Accordingly, we decline appellant's request to remand this case to the trial court to determine the statutory basis for its attorney fee ruling. Compare *Reese v. Grant*, 277 Ga. 799 (596 SE2d 139) (2004); *Moon v. Moon*, supra, 277 Ga. at 378 (6).

The order establishes that the court properly considered the relative financial position of both parties as part of its determination, including appellant's post-divorce ability to remain in the workforce. Thus, we reject appellant's argument that the trial court failed to comply with the requirements of OCGA § 19-6-2 (a) (1).

Finally, although appellant argues that she was entitled to attorney fees because of appellee's unreasonable litigation posture, an award of attorney fees under OCGA § 19-6-2 (a) (1) is not predicated upon the misconduct of a party. *Weaver v. Weaver*, 263 Ga. 56 (428 SE2d 79) (1993).[1] Accordingly, because appellant has failed to demonstrate any error by the trial court and we find no abuse of the trial court's sound discretion in its denial of any attorney fees to appellant, we will not disturb the trial court's ruling. See generally *Bowman v. Bowman*, 242 Ga. 259 (248 SE2d 654) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

*Holle Weiss-Friedman*, for appellant.
*John R. Thigpen, Sr., Franklin D. McCrea*, for appellee.

---

[1] Because appellant did not enumerate as error the trial court's failure to conduct a hearing on her claim for attorney fees, the matter is not properly before this Court. *Gardner v. Gardner*, 276 Ga. 189 (2) (576 SE2d 857) (2003).