## S04A1475. GOMES v. GOMES.

(604 SE2d 486)

FLETCHER, Chief Justice.

Frances Gomes (Wife) sought attorney's fees from Mario Gomes (Husband) pursuant to their divorce decree. The trial court denied Wife attorney's fees because she failed to cite statutory or case law support for her request. Wife appeals, contending that the statutory basis for her request was clear. We agree, and therefore remand to the trial court to consider Wife's request for attorney's fees on the merits.

Wife sued Husband for divorce. On July 24, 2003 Husband and Wife entered into a settlement agreement which reserved the issue of attorney's fees until "presented by brief and oral argument to the

Court. . . ." The same day, the trial court incorporated the settlement agreement into its "Final Judgment and Decree of Divorce." Wife filed a "Motion for Attorney's Fees" which included her legal bill and a request for oral hearing, and Wife's attorney filed an Affidavit in support of Wife's Motion. On January 20, 2004 the trial court denied Wife's Motion for the sole reason that she "fails to cite a code section or case law that would authorize such an award." We granted Wife's application for discretionary appeal.[1]

We agree with Wife that, under the circumstances of this case, it was unnecessary to cite OCGA § 19-6-2, the specific statute that authorizes the grant of attorney's fees in a divorce action.[2] Under this statute, an award of attorney's fees depends on the parties' financial circumstances, not their wrongdoing.[3] Wife's Motion and supporting materials show her intent to make financial circumstances the basis for any attorney's fees award.[4] Thus, it is clear that Wife sought attorney's fees pursuant to OCGA § 19-6-2 (a) (1).[5]

Although the grant of attorney's fees in a divorce action is usually within the sound discretion of the trial court,[6] we find that the trial court abused its discretion by requiring Wife to cite the statutory basis for her attorney's fees request when that basis was clear. This case is remanded to the trial court to consider Wife's request on its merits.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED OCTOBER 25, 2004.

*Paul R. Koehler*, for appellant.
*Levine & Smith, Jonathan W. Hedgepeth, Todd A. Orston*, for appellee.

---

[1] Wife's application for discretionary appeal was granted on the merits. It did not fall within the parameters of this Court's pilot project, which automatically grants "all non-frivolous applications in divorce and/or alimony cases," because Wife did not comply with the requirements for filing thereunder.

[2] *Mixon v. Mixon*, 278 Ga. 446 (603 SE2d 287) (2004) (trial court order granting attorney's fees in a divorce action sufficient despite its failure to expressly reference OCGA § 19-6-2 as the statutory basis for the award).

[3] *Weaver v. Weaver*, 263 Ga. 56 (428 SE2d 79) (1993).

[4] *Moon v. Moon*, 277 Ga. 375, 378 (6) (589 SE2d 76) (2003).

[5] Husband contends that Wife's Motion was deficient under Uniform Superior Court Rule 6.1, which requires motions in civil actions to "include or be accompanied by citations of supporting authorities . . . ." But in a request for attorney's fees under OCGA § 19-6-2 (a) (1), the supporting authority is financial data relevant to the parties' financial circumstances, which Wife included in her Motion and supporting materials.

[6] OCGA § 19-6-2 (a) (1).