## S06A0885. McGAHEE v. ROGERS.
### (632 SE2d 657)

CARLEY, Justice.

John McGahee and Lynne Rogers were divorced in 2001, after less than nine years of marriage. It was the second marriage for both and, although they each had children from their first marriages, they did not have any children together. The final decree incorporated a settlement agreement pursuant to which neither party received alimony. However, the agreement did address the joint marital debts, and specified that each party would assume the obligation to pay certain of them and would indemnify and hold the other harmless for those that he or she assumed. The debts for which McGahee assumed responsibility included one owed to the Internal Revenue Service and another for the loan secured by a car to which he took title and possession. The tax liability was incurred when McGahee withdrew money from his IRA, but failed to include the withdrawn amount as income on the joint return which he and Ms. Rogers filed. The money from the IRA was used for household expenses and other items. After the divorce, McGahee filed for Chapter 7 bankruptcy, and the two debts were discharged as to him. Thereafter, the Internal Revenue Service and the holder of the note evidencing the debt secured by the vehicle sought payment from Ms. Rogers.

Ms. Rogers filed a criminal contempt action based upon McGahee's failure to comply with the provision in the divorce decree obligating him to pay the two joint marital debts. The trial court found that he was in violation of the decree, but concluded that it did not have the authority to hold him in criminal contempt because of the discharge of the debts in bankruptcy. We granted Ms. Rogers' application for a discretionary appeal, reversed the trial court's judgment and remanded the case, holding as follows:

> That the debtor former spouse has received a general discharge in bankruptcy does not deprive the state court of its jurisdiction to determine whether certain debts of the debtor former spouse are exempt under § 523 (a) (5) from dischargeability. [Cits.] . . . Accordingly, since there is no evidence that the bankruptcy court made specific determinations that the debt to the IRS and the car loan debt assumed by McGahee in the final judgment and decree of divorce, as well as the

"hold harmless" agreements contained therein, were or were not exempt from dischargeability under § 523 (a) (5), the trial court must exercise its concurrent jurisdiction and make such a determination on each of the three debts at issue.

*Rogers v. McGahee*, 278 Ga. 287, 290 (2) (602 SE2d 582) (2004).

After remand, Ms. Rogers amended her motion so as to seek to have McGahee held in civil contempt. In addition, she sought "an award of attorney['s] fees for bringing [the] motion, including all previous hearings, and appeal to the Supreme Court of Georgia, and all hearings subsequent to remand of this case." After conducting a hearing, the trial court found that the debts and the "hold harmless" agreement were in the nature of support and were, therefore, not dischargeable in bankruptcy. Based upon that finding, the trial court concluded that McGahee was in contempt for failing to pay the debts or to indemnify Ms. Rogers for the losses she suffered as a result of his non-payment. In addition to ordering McGahee to pay Ms. Rogers $2,143, the trial court awarded her $12,160 in attorney's fees, concluding that his "stubborn stance when dealing with [her] forced the unnecessary expansion and increased expense of this proceeding . . . ."

McGahee applied for a discretionary appeal from this order entered by the trial court on remand. We granted his application to review both the holding that the debts were not discharged in bankruptcy and the award of attorney's fees.

1. 11 USC § 523 (a) (5) provides, in relevant part, that bankruptcy

does not discharge an individual debtor from any debt . . . to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement. . . .

Joint marital obligations assumed by the debtor former spouse as a part of a separation or divorce settlement are excepted from discharge in bankruptcy only "if they fall within paragraph (5) of § 523 (a), i.e., if they are actually 'in the nature of alimony, maintenance, or support. . . .' [Cit.]" *Rogers v. McGahee*, supra at 289 (2).

The burden of proof in establishing the § 523 (a) (5) exception to dischargeability was on Ms. Rogers, as the non-debtor spouse. *In the Matter of Fussell*, 303 B.R. 539, 544 (A) (1) (Bankr. S.D. Ga. 2003). The trial court found that she met that burden, since her

credit rating has been damaged because of these financial matters. She is unable to borrow to help her children with their student loans. Her ability to find new employment in the banking and finance field, where she has been employed, is now limited.

These factors enumerated by the trial court all relate to the adverse financial effects suffered by Ms. Rogers when McGahee eventually failed to pay the debts. However, the parties' original intent, not the subsequent results of a default, is the controlling factor. "A debt is in the nature of support or alimony if at the time of its creation the parties intended the obligation to function as support or alimony. [Cits.]" *In the Matter of Butler*, 277 B.R. 843, 850 (Bankr. M.D. Ga. 2002). The non-debtor spouse will always suffer financially when the debtor spouse defaults on his or her obligation under a divorce decree to assume responsibility for joint marital debts. Thus, if the debts assumed by McGahee are dischargeable, Ms. Rogers'

ability to provide for her own necessities may be impacted. However, the intent of the parties at the time of the decree is dispositive. [Cit.] [Her] inability to pay the obligations at this point is not a factor to be considered in a § 523 (a) (5) case. [Cit.]

*In the Matter of Fussell*, supra at 546 (A) (1). Accordingly, the factors relied upon by the trial court in concluding that Ms. Rogers met her evidentiary burden are irrelevant to the determination of whether the debts are excepted from dischargeability.

A non-exhaustive list of the relevant factors is set forth in *Rogers v. McGahee*, supra at 290 (2), fn. 4. See also *Daniel v. Daniel*, 277 Ga. 871, 873-874 (596 SE2d 608) (2004). "(S)uch factors 'are not legal criteria, . . . but relevant evidentiary factors that assist the . . . court as trier of fact in determining the true nature of the debt created by the agreement(.)' [Cit.]" *Daniel v. Daniel*, supra at 874.

Where the specific intent of the parties is not clearly stated in the agreement or order, courts have considered such factors as need, the absence of support payments in the dissolution decree, the presence of minor children in the marriage, and a disparity of income between the parties. [Cit.]

*In re Hoberg*, 300 B.R. 752, 759 (Bankr. C.D. Cal. 2003). As previously noted, the divorce decree here did not provide for the payment or receipt of alimony by either Ms. Rogers or McGahee, but it did

allocate responsibility for the marital debts between them. Such an allocation between the two of the marital

> debts appears to be in the nature of a property settlement. In addition, the short duration of the marriage and the fact that there were no children of this marriage also indicate that the [settlement] agreement was intended as a property settlement. [Cits.]

*In the Matter of Fussell*, supra at 545 (A) (1). In addition to these factors which indicate that the parties did not intend that the debt allocation constitute an element of support, Ms. Rogers testified that, at the time the settlement was reached, she was not in need of support and was capable of supporting herself. Thus, the evidence, including Ms. Rogers' admission, conclusively establishes that McGahee's assumption of responsibility for the two joint debts was not intended as support for her.

Ms. Rogers contends that the debts are not dischargeable because they were not secured by any property and were incurred for necessities, such as living expenses and an automobile, which constitute support. However, the underlying nature of the debts themselves does not have any legal consequence. The controlling issue is whether, at the time the settlement agreement was reached, the parties intended that McGahee's assumption of the obligation to pay the debts constitute an element of support for Ms. Rogers. As to that issue, the undisputed evidence demands a finding that they did not have that intent. Instead, the debt allocation was an element of the division of their marital property. See generally *Knott v. Knott*, 277 Ga. 380, 381 (2) (589 SE2d 99) (2003). The trial court erred in finding otherwise.

2. When Ms. Rogers filed her amended motion which included the prayer for attorney's fees, she did not cite any statutory authority for seeking such an award. Now, on appeal, she contends that she was relying on OCGA § 19-6-2 and that the trial court's award is premised on that statute. Under that provision, however, "an award of attorney's fees depends on the parties' financial circumstances, not their wrongdoing. [Cit.]" *Gomes v. Gomes*, 278 Ga. 568, 569 (604 SE2d 486) (2004). The trial court's award of attorney's fees to Ms. Rogers is not predicated on economic standing, but on McGahee's "stubborn stance" which "forced the unnecessary expansion and increased expense of this proceeding . . . ." This language is not consistent with an award of attorney's fees under OCGA § 19-6-2. Compare *Mixon v. Mixon*, 278 Ga. 446 (2) (603 SE2d 287) (2004). Instead, the wording clearly indicates an award under OCGA § 9-15-14 (b), which authorizes

attorney's fees when a "party unnecessarily expanded the proceeding by . . . improper conduct . . . ."

Here, attorney's fees under OCGA § 9-15-14 (b) were not authorized because the trial court never provided proper notice to McGahee that such an award was under consideration. *Williams v. Cooper*, 280 Ga. 145, 146 (1) (625 SE2d 754) (2006). Moreover, there is simply no evidence of any "improper conduct" on his part which unnecessarily expanded the proceeding. He asserted the discharge in bankruptcy defense from the outset. The first appeal was brought by Ms. Rogers because the trial court erroneously held that it had no jurisdiction to determine whether the debts were discharged. Accordingly, *Rogers v. McGahee*, supra, was a necessary expansion of the proceedings attributable to her, and not an unnecessary expansion attributable to him. Moreover, attorney's fees incurred in connection with appellate proceedings are not recoverable under OCGA § 9-15-14. *Department of Transp. v. Franco's Pizza & Delicatessen*, 200 Ga. App. 723, 728 (5) (409 SE2d 281) (1991), overruled on other grounds, *White v. Fulton County*, 264 Ga. 393, 394 (1) (444 SE2d 734) (1994). After remand and return of the case to the trial court, McGahee was justified in maintaining a "stubborn stance" with regard to his discharge in bankruptcy defense, since, for the reasons discussed in Division 1, he was entitled to prevail on that defense. Therefore, the trial court erred in awarding attorney's fees pursuant to OCGA § 9-15-14 (b).

The question thus arises whether the case should be remanded so that the trial court can consider an award of attorney's fees under OCGA § 19-6-2. That statute is authority for an award of attorney's fees "where a finding of contempt is authorized. [Cits.]" *Brown v. Brown*, 237 Ga. 122, 124 (2) (227 SE2d 14) (1976), overruled on other grounds, *Ensley v. Ensley*, 239 Ga. 860, 864 (238 SE2d 920) (1977). Thus, an award of attorney's fees under OCGA § 19-6-2 in this case would require a "determin[ation] whether [McGahee] violated [the divorce decree]." *Todd v. Casciano*, 256 Ga. App. 631, 638 (3) (569 SE2d 566) (2002). For the reasons discussed in Division 1, however, a finding that he was in contempt for violating the decree was not authorized. Therefore, an award of attorney's fees based upon a finding that he was in contempt would likewise be unauthorized. See *Knott v. Knott*, supra at 381 (1). Accordingly, there is no basis for remanding for reconsideration of awarding attorney's fees to Ms. Rogers.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 13, 2006.

*Allen W. Bodiford, Martin C. Jones*, for appellant.
*David S. Walker, Jr.*, for appellee.