### S09A0302. FARRIS v. FARRIS.
(676 SE2d 212)

MELTON, Justice.

Beryl B. Farris (Wife) appeals from the trial court's order holding her in contempt for failing to sell a home to Marc Farris (Husband) following the parties' divorce. In connection with its finding of contempt, but in a separate order, the trial court also instructed Wife to pay Husband's attorney fees of $2,341. As explained more fully below, because Wife did not violate the terms of the final divorce decree by refusing to sell the home to Husband, we reverse the trial court's finding of contempt against her. Further, because the trial court's finding of contempt based on Wife's failure to sell the home to Husband was erroneous, the award of attorney fees to Husband based upon that specific finding was also erroneous. Accordingly, to the extent that the trial court's attorney fee award was based on Wife's failure to sell the home to Husband, we vacate that portion of the trial court's order awarding Husband attorney fees. To the extent that any question remains regarding an award of attorney fees to Husband in the absence of any finding of contempt against Wife, we remand this case to the trial court for reconsideration of the issue of attorney fees.

The record reveals that, in 1995, Wife filed for divorce from Husband in the Superior Court of DeKalb County. Following a November 13, 2007 bench trial, the trial court made an oral ruling as to the equitable division of the parties' marital assets and debt, but

---

did not enter its final judgment and divorce decree until December 19, 2007. The divorce decree provided for the sale of the marital residence as follows:

> The [marital] residence shall be placed upon the market for sale by the [Wife] on January 1, 2008. Neither party shall reside in the residence after January 1, 2008. [Wife] shall be entitled to choose the broker/agent with whom said residence shall be listed for a period of time not to exceed six (6) months. Unless the parties agree to the contrary in writing, the house shall be listed and sold at a price of not less than $650,000.00. [Wife] shall be solely responsible for all aspects of the listing and sale. . . . [H]owever . . . should the residence not sell within this initial six (6) month period, then the [Husband] shall be entitled to manage the listing and sale of the residence under the same provisions and obligations as set forth above for the [Wife]. This process shall repeat itself every six (6) months until the residence is sold. . . . Upon the sale of [the marital] residence, each party shall be entitled to receive one-half (1/2) of the net proceeds derived from said sale.

Final Decree Paragraphs 2 (b) and (d).

On December 10, 2007, following the trial court's ruling from the bench, but prior to the entry of the final decree, Husband made an offer to purchase Wife's interest in the house for $325,000. Wife rejected Husband's offer, and on February 1, 2008, she listed the house for sale with a real estate agent for $1,100,000.[1] On February 4, 2008, Wife accepted an offer from the parties' daughters in the amount of $650,150. Husband rejected the proposed sale, however, because the sales agreement included terms that would have required Husband and Wife to pay $5,000 in closing costs and to finance $325,000 of the purchase price. On April 14, 2008, Wife filed a motion to hold Husband in contempt for rejecting her proposed contract to sell the house to their daughters. Husband then filed his own motion to hold Wife in contempt for rejecting his December 2007 offer. On June 11, 2008, the trial court held a hearing on the parties' motions, and in a June 23, 2008 order, the trial court found Wife to be in willful contempt for having rejected Husband's offer to purchase the home. In a July 21, 2008 order, the trial court also awarded Husband attorney fees.

---

[1] We note that the trial court did not hold Wife in contempt for failing to place the marital residence on the market by January 1, 2008, but specifically for failing to sell the home to Husband pursuant to his December 10, 2007 offer.

1. "Before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby imposed upon him, and the command must therefore be express rather than implied. [Cit.]" (Punctuation omitted.) *Hall v. Nelson*, 282 Ga. 441, 444 (3) (651 SE2d 72) (2007). Indeed, "the very nature of the proceeding in either civil or criminal contempt for an alleged disobedience of a court order requires that the language in the commands be clear and certain." Id. Here, the express terms of the final decree did not require Wife to sell the marital home to Husband. In fact, the express, written terms of the divorce decree did not even exist at the time that Wife rejected Husband's December 10, 2007 offer, because the final order was not entered until December 19. In this regard, the record also reveals that there was neither an oral nor a written ruling from the trial court that would have required Wife to sell the marital residence to Husband prior to the entry of the final decree. In any event, the trial court's finding of contempt was based on Wife's alleged violation of the terms of the December 19, 2007 final decree and not any other ruling. Because Wife did not violate the terms of the final divorce decree by rejecting Husband's offer to purchase the marital residence, the trial court had no basis for holding Wife in contempt, and abused its discretion in doing so. See, e.g., *McGahee v. Rogers*, 280 Ga. 750 (2) (632 SE2d 657) (2006) (contempt finding unauthorized where party had not violated terms of divorce decree).

2. Because the trial court erred in holding Wife in contempt for refusing to sell the home to Husband, the trial court's award of attorney fees to Husband based on that finding of contempt was also erroneous. *McGahee*, supra, 280 Ga. at 754 (2) (Where "finding that [party] was in contempt for violating the [divorce] decree was not authorized . . . an award of attorney[ ] fees based upon a finding that [party] was in contempt [was also] unauthorized."). Id. See also OCGA § 19-6-2 (authority for award of attorney fees in divorce action where finding of contempt authorized). Accordingly, we vacate that portion of the trial court's July 21, 2008 order awarding attorney fees to Husband based on Wife's refusal to sell the home to him.

However, in connection with its award of attorney fees to Husband, the trial court also found that the award was justified in light of "the entire matter of contempt [being] initiated by the mother's motion for contempt . . . [and the mother] caus[ing] the proceedings in question." See *McGahee*, supra, 280 Ga. at 753-754 (2) (award of attorney fees under OCGA § 9-15-14 (b) authorized when a "party unnecessarily expand[s] the proceeding by improper conduct") (punctuation omitted). In this regard, the trial court may have intended for an independent basis to exist for its award of

attorney fees other than its finding of contempt against Wife for her failure to sell the home to Husband. On the other hand, this basis for the attorney fee award may not have been independent at all, but instead directly connected to the trial court's erroneous finding of contempt, as the attorney fee order states that the award was based on the trial court finding that "[Wife] caused the proceedings in question and the court further [finding that] her decision to ignore the father's attempt to buy the residence violated both the spirit and letter of the trial court's final order." Because the language of the order indicates that any attorney fee award ostensibly connected to Wife's initial filing of the contempt action may have also been dependent upon the trial court's erroneous finding of contempt against her, we remand this case to the trial court for reconsideration of its attorney fee award in light of the absence of any finding of contempt against Wife.

*Judgment reversed in part, vacated in part, and case remanded. Sears, C. J., Benham, Carley, Thompson and Hines, JJ., and Judge Sara L. Doyle concur. Hunstein, P. J., not participating.*

DECIDED APRIL 28, 2009.

*Kupferman & Golden, Gregory D. Golden*, for appellant.
*Russell & Herrera, Dorothea L. Russell, Dana C. Ashford*, for appellee.