## S10F0451. KLARDIE v. KLARDIE.
### (697 SE2d 207)

Hines, Justice.

Christopher Vernon Klardie ("husband") appeals the final judgment and decree of divorce ("decree") from Celia Alice Klardie ("wife").[1] He claims error in the trial court's "failing to apply judicial estoppel" in regard to the wife's claim to her retirement funds and in the trial court's directive that he pay a portion of the wife's attorney fees. For the reasons that follow, we affirm.

The parties were married in May of 2000, and their only child, a son, was born in 2004. They separated in April of 2008, and the decree was entered on June 9, 2009. The decree incorporated the parties' parenting plan which addressed the issues of custody and visitation. The trial court expressly stated in the decree: the parties agreed that the wife had been the primary breadwinner; the husband viewed himself as a stay-at-home parent, although it was clear that this was not by agreement of the parties; the husband had a bachelor's degree; even though the husband had sustained periods of employment, most successfully when working for his father, his failure to maintain employment throughout the marriage led to its demise; and the husband failed to follow up on job opportunities or pursue employment opportunities outside of Georgia. The trial court imputed $2,000 per month of income to the husband based on his historical income.

The trial court also found that the wife earned $7,093 per month and her financial affidavit included amounts spent for health care insurance and child care. Applying its findings to the child support guidelines, the trial court ordered the husband to pay $450 per month in child support. It ordered the wife to maintain health insurance on the son so long as it was available to her, and each party was to pay one-half of the child's uncovered healthcare expenses. It divided the parties' property, including the wife's tax deferred accounts and split the accounts equally. The court also made a determination, following an evidentiary hearing, that the husband was in wilful contempt on his child support obligations under the temporary order and that he owed $1,700 in child support arrearages. In addition, the court denied the husband's request for alimony, stating that the denial was in consideration of the husband's age, education, and the condition of the parties; it expressly found that the alimony request was premised on the husband's contention that

---

[1] The husband filed an application for discretionary appeal in this Court, which was granted under this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

his lack of employment and his being a stay-at-home parent was by agreement with his wife and that the evidence contradicted such assertion.

1. Although not enumerated as error, as a threshold matter the husband inexplicably maintains that "because there were no evidentiary hearings in this matter, the [t]rial [c]ourt's [o]rder (which contains findings of fact) is error as a matter of law." But, the record clearly reveals that the trial court held three hearings in regard to the issues of the divorce, two of which were plainly evidentiary. In fact, in his notice of appeal, the husband states that "[t]he transcript from two days of testimony and one day of ruling are being prepared and will be filed for inclusion with the record on appeal."[2]

2. The husband contends that the wife waived any claim to her retirement funds and that the trial court should have applied judicial estoppel to such claim because the wife did not disclose these funds in her bankruptcy case. However, the contention is unavailing.

The wife acknowledges that in 2008, she filed for a Chapter 13 bankruptcy, which subsequently was converted to a Chapter 7 bankruptcy. Both filings were admitted into evidence at the hearing on April 15, 2009; however, it appears that they were not then made a part of the record in the case. On August 13, 2009, the husband filed in the trial court a "Notice of Amending Record for Purposes of Appeal." To that notice, he appended an alleged copy of his wife's Chapter 13 bankruptcy petition. This uncertified copy is the only documentation of any bankruptcy proceeding in the record on appeal, and its filing occurred subsequent to entry of the decree.

Pretermitting the question of the state of the appellate record in regard to the wife's bankruptcy filings, judicial estoppel was not warranted as the husband urges.

> The federal doctrine of judicial estoppel precludes a party from asserting a position in one judicial proceeding after having successfully asserted a contrary position in a prior proceeding. It is most commonly invoked to prevent bankruptcy debtors from concealing a possible cause of action, asserting the claim following the discharge of the bankruptcy and excluding resources from the bankruptcy estate that might have otherwise satisfied creditors. The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from deliberately changing

---

[2] The record contains a transcript of an evidentiary hearing on April 15, 2009, a transcript of an evidentiary hearing on April 28, 2009, and an excerpt from a transcript of a hearing on May 5, 2009.

positions according to the exigencies of the moment. This equitable doctrine is invoked by a court at its discretion, and intended to prevent abuse of the judicial process. The circumstances under which it is appropriate are not reduced to any general formula or rule.

*Benton v. Benton*, 280 Ga. 468, 469 (629 SE2d 204) (2006) (citations omitted). Furthermore, "a court should be hesitant to apply federal judicial estoppel to defeat the important rights of a spouse to potential support and an equitable share of marital property." Id. at 471.

Here, the husband has failed to show that the wife's retirement accounts were not excludable or exempt from the bankruptcy estate. See 11 USC § 522 (d) (12);[3] *In re Chilton*, 426 B.R. 612 (2010). See also OCGA § 44-13-100 (a) (2.1).[4]

Nor has he demonstrated that the wife misled or manipulated

---

[3] 11 USC § 522 (d) (12) provides:  . . .

(d) The following property may be exempted under subsection (b) (2) of this section:  . . .

(12) Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501 (a) of the Internal Revenue Code of 1986.

[4] OCGA § 44-13-100 (a) states:

In lieu of the exemption provided in Code Section 44-13-1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:

(1) The debtor's aggregate interest, not to exceed $10,000.00 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor. In the event title to property used for the exemption provided under this paragraph is in one of two spouses who is a debtor, the amount of the exemption hereunder shall be $20,000.00;

(2) The debtor's right to receive:

(A) A social security benefit, unemployment compensation, or a local public assistance benefit;

(B) A veteran's benefit;

(C) A disability, illness, or unemployment benefit;

(D) Alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(E) A payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor; and

(F) A payment from an individual retirement account within the meaning of Title 26 U.S.C. Section 408 to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(2.1) The debtor's aggregate interest in any funds or property held on behalf of the debtor, and not yet distributed to the debtor, under any retirement or pension

the bankruptcy court so as to accrue any benefit for herself.[5] *Benton v. Benton*, supra at 471. Under the circumstances of this case, it cannot be found that the trial court abused its discretion in declining to apply the doctrine of judicial estoppel to defeat the wife's claim to any share of her retirement accounts. Id.

3. There is likewise no merit to the husband's complaint regarding the award of attorney fees to the wife. The record does not support his claim that the trial court made the award because the court "thought it was improper for a man to seek alimony and that the case should have settled."[6] Indeed, as has been noted, in the decree the trial court specifically set forth that in denying alimony, it considered the conditions of the parties and that "rehabilitative" alimony to the husband was not warranted because the request was premised on the husband's less-than-credible claim that the wife had agreed with his lack of employment and his being a stay-at-home parent.

As to the award of fees in favor of the wife, the trial court expressly considered the respective fiscal circumstances of the parties, as it was obligated to do. OCGA § 19-6-2 (a) (1).[7] The court made financially relevant findings, express and implicit, that the

---

plan or system:

  (A) Which is: (i) maintained for public officers or employees or both by the State of Georgia or a political subdivision of the State of Georgia or both; and (ii) financially supported in whole or in part by public funds of the State of Georgia or a political subdivision of the State of Georgia or both;

  (B) Which is: (i) maintained by a nonprofit corporation which is qualified as an exempt organization under Code Section 48-7-25 for its officers or employees or both; and (ii) financially supported in whole or in part by funds of the nonprofit corporation;

  (C) To the extent permitted by the bankruptcy laws of the United States similar benefits from the private sector of such debtor shall be entitled to the same treatment as those specified in subparagraphs (A) and (B) of this paragraph,

provided that the exempt or nonexempt status of periodic payments from such a retirement or pension plan or system shall be as provided under subparagraph (E) of paragraph (2) of this subsection; or

  (D) An individual retirement account within the meaning of Title 26 U.S.C. Section 408;
                            . . .

[5] Although not enumerated as error, the husband asserts in argument that the wife also failed to appropriately identify the divorce action and her child support on the bankruptcy filings.

[6] In support of his assertion of improper motivation for the attorney fee award, in his amended brief the husband cites comments by the trial court during its oral ruling at the May 5, 2009 hearing; but the statements do not reveal sexism, gender bias, or displeasure about the lack of a settlement on the part of the trial court, resulting in its rejection of the husband's claim for alimony or in making its award of attorney fees.

[7] OCGA § 19-6-2 states in relevant part:

  (a) The grant of attorney's fees as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for alimony,

husband was underemployed and/or unemployed by his own doing and in direct contravention of the wishes of his wife, and that the husband, because of his relative youth, college education, and good physical health, was clearly capable of earning more income. In certain domestic cases, earning capacity is an appropriate means to determine an award of attorney fees pursuant to OCGA § 19-6-2. *Duncan v. Duncan*, 262 Ga. 872, 873 (1) (426 SE2d 857) (1993). This is one of those cases.

*Judgment affirmed. All the Justices concur, except Melton and Nahmias, JJ., who concur in part and dissent in part.*

MELTON, Justice, concurring in part and dissenting in part.

While I concur fully in Divisions 1 and 2 of the majority opinion, I do not believe that the record has been sufficiently developed in this case to allow this Court to make a definitive determination as to whether or not the trial court abused its discretion in awarding attorney fees to the wife. I therefore respectfully dissent from Division 3.

Although an award of attorney fees under OCGA § 19-6-2 (a) (1) is left to "the sound discretion of the trial court [after the court has] consider[ed] the financial circumstances of both parties" (id.), "[t]he purpose of allowing attorney fees is to ensure effective representation of both spouses so that all issues can be fully and fairly resolved." (Citation omitted.) *Johnson v. Johnson*, 260 Ga. 443, 444 (396 SE2d 234) (1990). Here, it is undisputed that the wife earned over three-and-a-half times husband's *imputed* monthly income of $2,000.[8] With such a large disparity in income between the parties, it is difficult to understand why the party who made significantly more income was the one who needed to be awarded attorney fees in order "to ensure [her] effective representation . . . so that all issues [could] be fully and fairly resolved" at the divorce hearing. Id.

The trial court's order does nothing to clarify the reason why an award of attorney fees to the party who earned over three-and-a-half times the income of the other was necessary to ensure her effective

---

divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, including but not limited to contempt of court orders involving property division, child custody, and child visitation rights, shall be:

(1) Within the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party; . . .

[8] Indeed, there is no evidence of record that the husband had an actual income of $2,000 per month at the time of the hearing.

representation, as the order merely states:

> The court considered both parties' requests for attorney's fees and considering the respective financial circumstances of the parties and the evidence presented at trial, the court awards attorney's fees to the [wife] in the amount of Three Thousand Dollars and the court orders that the husband pay Three Thousand Dollars as attorney's fees to the wife within twelve months from the date of this order.

This bare-boned recitation of the necessary evidentiary standard does not explain how an award of attorney fees to the wife may or may not have been justified in light of the significant income gap between the parties. Due to the lack of any reasoned explanation, this Court can only guess as to whether or not the trial court's award amounted to an abuse of discretion. Such guesswork is inappropriate, and I would therefore vacate the trial court's award of attorney fees and remand this case to the trial court with the direction that the court explain why, in light of the income gap between the parties and their respective financial circumstances, an award of attorney fees to wife was necessary "to ensure [her] effective representation." *Johnson*, supra, 260 Ga. at 444. See also, e.g., *Farris v. Farris*, 285 Ga. 331 (2) (676 SE2d 212) (2009) (remanding issue of attorney fees to trial court where basis for portion of award to husband not entirely clear after order holding wife in contempt was reversed).[9]

I therefore respectfully dissent from Division 3. I am authorized to state that Justice Nahmias joins in this opinion.

DECIDED JULY 5, 2010.

*Hait & Eichelzer, Elizabeth J. Kuhn*, for appellant.
*Bray & Johnson, Roger M. Johnson*, for appellee.

[9] To the extent that the trial court may have been intending to base its award of attorney fees on the wife's request for such fees pursuant to OCGA § 9-15-14 ("attorney's fees assessed for frivolous actions and defenses"), the case would still have to be remanded to the trial court for clarification of its order. See *Reese v. Grant*, 277 Ga. 799 (596 SE2d 139) (2004) (where order was silent as to whether or not attorney fees were awarded pursuant to OCGA § 9-15-14 or OCGA § 19-6-2, and where order failed to set forth findings of fact to support an award under OCGA § 9-15-14, this Court vacated the award and remanded the case to the trial court "for further clarification of the trial court's intent and the basis for its ruling").